A89A1299. DALLAS BUILDING MATERIAL, INC. v. SMITH.
(388 SE2d 359)

DEEN, Presiding Judge.

Dallas Building Material, Inc., filed a complaint against Robert D. Winiarczyk, a homeowner, and Roy Smith, a contractor, seeking to foreclose upon a materialman's lien which was filed against Winiarczyk's home. Dallas Building Material alleged that it sold materials to Roy Smith, d/b/a RAS Contractors, in the amount of $11,157.66 for the improvement of Winiarczyk's real property and that Smith had not paid for the materials. The affidavit evidence showed that the materials were used on Winiarczyk's home and that Smith had filed a bankruptcy petition. Other evidence showed that after paying Smith for the materials, Winiarczyk did not obtain an affidavit from him stating that the contractor had paid his supplier or obtained lien waivers from the materials supplier. Dallas Building Material and Winiarczyk filed motions for summary judgment. (Smith has not made an appearance as a party in the case.) Dallas Building Material appeals from the denial of its motion for summary judgment and the grant of summary judgment in favor of Winiarczyk. *Held*:

The evidence showed that Winiarczyk contracted with Smith to do certain renovations to his home for $45,197.74. Smith opened an account at Dallas Building Material to purchase some of the materials to be used in making the renovations. At the time of the last entry on the account, Smith owed $11,157.66 to the supplier. Winiarczyk paid Smith a total of $47,557.41 under the contract, but Smith did not complete the work and Winiarczyk was forced to pay an additional $4,800 to other parties to complete the project.

OCGA § 44-14-361.1 provides in subsection (e): "In no event shall the aggregate amount of liens set up by Code Section 44-14-361 exceed the contract price of the improvements made or services per-

formed." The editor's notes which appear in the 1989 Cumulative Supplement to the Michie edition of the Code at page 117 note: "The language of subsections (a) through (d) of this Code section, prior to the 1983 amendment, was formerly codified in substantially similar form at § 44-14-362." "The 1983 amendment, effective July 1, 1983, added subsection (e)." This note is incorrect. The substance of subsection (e) appeared in former OCGA § 44-14-361 and in its predecessor, Code Ann. § 67-2001 (2). It has been a part of this state's statutory law since 1899. See Ga. L. 1899, p. 33. The statement in *Bishop v. Forsyth Paving Contractors*, 181 Ga. App. 345 (352 SE2d 198) (1986), that the court in *Jones Mercantile Co. v. Lyn-Har*, 245 Ga. 812, 813 (267 SE2d 251) (1980), overlooked subsection (e) is incorrect and is hereby disapproved. While subsection (e) was added as a separate subsection to the code some three years after *Jones* was decided, it was incorporated into the main body of former OCGA § 44-14-361 and its predecessors.

Under OCGA § 44-14-361.1 (a) (4), "the owner of the real estate improved, who has paid the agreed price or any part of the same, may set up the payment in any action brought and prove by competent and relevant evidence that the payments were applied as provided by law. . . ." *Jones*, supra at 813, holds that "the owner is required to show that the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained. [Cits.]" In the instant case, while the homeowner has not shown that the codal requirements have been met, his liability is limited by OCGA § 44-14-361.1 (e): "In no event shall the aggregate amount of [the materialmen's] liens . . . exceed the contract price for improvements made or services performed." The appellant's lien is $11,157.66, and it does not exceed the contract price for improvements made to Winiarczyk's property. The trial court therefore erred in granting summary judgment to him and in denying appellant's motion.

*Judgment reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Sognier, J., concurs in judgment only.*

DECIDED OCTOBER 23, 1989 —
REHEARING DENIED NOVEMBER 14, 1989 —

*George E. Pennebaker*, for appellant.
*Hartley, Rowe & Fowler, G. Michael Hartley, Elizabeth A. Geoffroy*, for appellee.