A92A0125. FREEMAN et al. v. FULTON CONCRETE COMPANY, INC.
(419 SE2d 536)

BEASLEY, Judge.

Freeman appeals from an order and judgment of the trial court in favor of Fulton Concrete Company, Inc., in this action to foreclose a materialman's lien. The case was decided by the court without a jury, on briefs and stipulated facts.

In December of 1988, appellant Allgood-75 Industrial Properties, Inc., acting on behalf of appellant Freeman, the owner of certain real

property, contracted with Cunningham for grading, grubbing, grassing, curbing, gutters, throats, and tops at a subdivision in Cherokee County. Cunningham subcontracted the curbing to Whitworth, who in turn contracted with appellee Fulton Concrete Company, Inc., for the purchase and delivery of concrete for the project. Fulton fulfilled its obligation under that contract by delivering the concrete for $11,584.52.

Within 90 days of delivery, Fulton filed and recorded a materialman's lien against the owner for the full amount of the concrete supplied, in compliance with OCGA § 44-14-364. It thereafter received a payment of $1,166.56 from Whitworth which was applied to the debt. It then filed suit on account against Whitworth and obtained a default judgment against him for $11,396.96 ($10,417.96 in principal, $900 in attorney fees, and court costs of $79). Garnishment yielded an additional $4,254.95 towards the amount sought in the lien action.

In August of 1990, Fulton sued to foreclose the lien. Freeman secured a bond to discharge the lien in the amount of $11,600 pursuant to OCGA § 44-14-364. Although the parties stipulated that "appellee remains unpaid for $6,163.01" of the amount originally sought, the trial court entered judgment in favor of Fulton for $11,584.52.

1. Appellants contend the trial court erred in awarding judgment to supplier Fulton where the evidence shows the owner paid the contractor the contract price.

"The 'contract price of the improvements made or services performed' establishes the maximum extent to which an owner's property may be subject to materialmen's liens. OCGA § 44-14-361.1 (e). However, an owner's mere payment of the full contract price to the contractor, standing alone, is not and has never been a complete defense to foreclosure of a materialman's lien. 'The obvious purpose of the statute is to protect materialmen who comply with its terms. If it is held that mere payments to the contractor in discharge of the contract price would defeat the lien of materialmen, the whole statute which undertakes to authorize liens for materialmen would be avoided.' [Cit.]" *Mayer Elec. Supply v. Fed. Ins. Co.,* 195 Ga. App. 191, 192 (393 SE2d 270) (1990).

" '(T)he owner of the real estate improved, who has paid the agreed price or any part of same, may set up the payment in any action brought and prove by competent and relevant evidence that the *payments were applied as provided by law,* and no judgment shall be rendered against the property improved.' (Emphasis supplied.) OCGA § 44-14-361.1 (a) (4). Thus, an owner must not only show that full payment was actually made to the contractor, he is also 'required to show that the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained.

[Cits.]' [Cit.]" *Mayer*, supra at 192. The owner in the present case has not met the burden of showing that sums paid to Whitworth were properly appropriated to appellee material-supplier so as to defeat the lien. On the contrary, the stipulated evidence reveals that appellee remains unpaid for $6,163.01.

Since the stipulated facts show that the claim of lien was filed approximately four months prior to the filing of the contractor's affidavit, appellants cannot avail themselves of the lien dissolution provisions of OCGA § 44-14-361.2. That Code section "authorizes an owner, seller, or lender to dissolve a lien upon showing either that (1) the contractor gave a written lien waiver; or (2) the contractor provided a sworn statement that the agreed price or reasonable value was paid or waived in writing, *and* at the time such a statement was given in connection with any of the transactions listed in (a) (2) (B) (i)-(iii) the contractor had not previously filed a valid preliminary notice or claim of lien." *Balest v. Simmons*, 201 Ga. App. 605, 606 (411 SE2d 576) (1991). "[T]he proper construction of paragraph (2) of OCGA § 44-14-361.2 (a) is that a contractor's affidavit will dissolve a lien only if the conditions in both subparagraphs (A) and (B) are met. . . ." Id. at 607.

2. Alternatively, appellants contend that the amount of the judgment was not authorized by the evidence since appellee sought and is entitled to recover only the balance of the contract price remaining to be paid. Fulton acknowledges that the court "through inadvertent error" awarded the amount of the original claim rather than the amount sought at trial. The judgment is affirmed on condition that it is corrected by the trial court on remittitur to reflect that appellants' liability to appellee is $6,163.01; otherwise reversed.

*Judgment affirmed on condition. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1992.

*H. Darrell Greene & Associates, H. Darrell Greene, Paul Shimek III*, for appellants.
*John C. Bach, Robert J. Hulsey*, for appellee.