A95A2749. GASTER LUMBER COMPANY v. BROWNING et al.
(465 SE2d 524)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Gaster Lumber Company appeals from the judgment entered in a bench trial in favor of appellees/defendants, William H. Browning, Jr. and Betty S. Browning on a suit to foreclose a materialman's lien.

Appellees entered into a construction contract with Gregory & Associates, Inc. (Gregory) for the construction of a residence for an

amended cost of $243,830. Gregory purchased certain building materials for this residence on their account with appellant lumber company; the account terms were memorialized on a business credit application executed by Gregory. Certain materials were purchased by Gregory from appellant and delivered to the work site pursuant to yard orders. Appellant issued invoices on each yard order to Gregory upon delivery of the materials. Appellant filed its claim of lien after it failed to receive full payment of its invoices. At some point, Gregory either abandoned the project or was terminated; appellees obtained no contractor's affidavit from Gregory. Thereafter, appellee Mr. Browning assumed the role of general contractor for the project. Appellees apparently expended additional sums of money to complete the project, all of which were paid after the filing of appellant's lien. At this time, Gregory still owed appellant $20,393.71 for material delivered to the work site.

Appellant filed suit to collect its debt and to foreclose its materialman's lien. The trial court entered judgment in favor of appellant against Gregory for $22,654.01, plus interest. Appellees then waived trial by jury and a bench trial was held. The trial court initially entered a $36,714.70 judgment in favor of appellant and against appellees. This judgment included $20,393.71 principal amount of lien; $3,446.28 finance charges; $8,973.23 prejudgment interest; and $3,901.48 attorney fees. A separate judgment also was entered establishing appellant's lien against the property. Appellees filed a motion for reconsideration and/or for new trial, and a second motion for new trial on the general grounds. Subsequently, the trial court entered an order on motion for new trial reversing its conclusions of law and finding in favor of appellees; appellant filed this appeal enumerating five errors. *Held*:

1. Appellant asserts the trial court erred in concluding that the sums expended by appellees for work and materials prior to the termination of Gregory, plus the costs of completion, exceeded the contract price of the residence and, accordingly, that appellant's lien was not enforceable pursuant to the statutory defense of OCGA § 44-14-361.1 (e). OCGA § 44-14-361.1 (e) provides: "In no event shall the aggregate amount of liens set up by Code Section 44-14-361 exceed the contract price of the improvements made or services performed." This provision previously was promulgated in substantially similar form in OCGA § 44-14-361 (b).

The trial court ordered that, pursuant to the affirmative defense of OCGA § 44-14-361.1 (e), the lien should be discharged and judgment entered in favor of appellees, as the total amount of the liens to which the property became liable was $263,201 while the contract price, as amended by the parties, was only $243,830. (The court calculated the total amount of liens as including $217,201 subsequently

paid by appellees to materialmen and laborers to complete the project after it was abandoned by Gregory, $5,000 architect fees paid to Gregory before appellant's lien was filed, and $41,000 paid by Gregory, with appellees' funds, to materialmen and laborers. The trial court further found, as additional findings of fact, that appellees/defendants have not proved that the $41,000 was paid by Gregory *prior* to the filing of appellant's lien on August 22, 1990.) In concluding that the defense of OCGA § 44-14-361.1 (e) was available to appellees, the trial court rested its holding on the legal theory that, unlike the defense provided in OCGA § 44-14-361.1 (a) (4), "the defense mentioned in subsection (e) does not require proof that the funds spent were 'properly appropriated,' i.e., paid before the filing of the lien."

We hold that the trial court applied an erroneous legal theory in reaching its judgment, as the defense provided in OCGA § 44-14-361.1 (e) inherently requires that the owner show the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained. See *Freeman v. Fulton Concrete Co.*, 204 Ga. App. 465, 466 (1) (419 SE2d 536); *Mayer Elec. Supply Co. v. Federal Ins. Co.*, 195 Ga. App. 191, 192-193 (393 SE2d 270); *Dallas Bldg. &c. v. Rose*, 191 Ga. App. 783, 784 (1) (383 SE2d 151); *Bishop v. Forsyth Paving &c.*, 181 Ga. App. 345 (352 SE2d 198) (physical precedent only), overruled in part on other grounds, *Dallas Bldg. &c. v. Smith*, 193 Ga. App. 512 (388 SE2d 359); compare *Jones Mercantile Co. v. Lyn-Har, Inc.*, 245 Ga. 812 (267 SE2d 251); *Whatley v. Alto Corp.*, 211 Ga. 718 (88 SE2d 398); *Green v. Farrar Lumber Co.*, 119 Ga. 30 (46 SE 62); *Elec. Distributors v. Turner Constr. Co.*, 196 Ga. App. 359, 362 (2) (395 SE2d 879). (Note: No statutory affidavit was obtained by the contractor in this case.)

We do not herein determine whether the trial court's ruling met the so-called "judgment right for any reason" test; because, while ordinarily a judgment right for any reason must be affirmed, where it is apparent the trial court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error. *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) and cases cited therein.

2. Appellant contends that there does not exist any evidence to support the trial court's finding crediting appellees with $5,000 paid to Gregory for architect fees and that the trial court erred in so crediting appellees. In view of our disposition of this case due to our holding in Division 1, we need not address this enumeration of error. Suffice it to note that on appeal the record must contain sufficient evidence to enable a jury to calculate the amount with reasonable certainty. See *Schill v. A. G. Spanos Dev.*, 217 Ga. App. 260, 262 (457 SE2d 204).

3. Appellant asserts the trial court erred in crediting appellees with $217,201.10 in costs to complete the residence, as appellees failed to meet their burden of proof as to this amount. In view of our disposition of this case due to our holding in Division 1, we need not address this enumeration of error.

4. Appellant, citing *Turner Constr. Co. v. Elec. Distributors*, 202 Ga. App. 726 (415 SE2d 325), contends the trial court erred in failing to award prejudgment interest. In view of our holding in Division 1, the issue of prejudgment interest normally would not be ripe for adjudication. But in the interest of judicial economy, we find that notwithstanding the silence of OCGA § 44-14-360 et seq., regarding entitlement to prejudgment interest, "lien claimants are entitled to prejudgment interest at the statutory rate of seven percent per annum on all liquidated claims." *Turner Constr. Co.*, supra, 202 Ga. App. at 726-727 (2), citing *Horkan v. Great American Indem. Co.*, 211 Ga. 690 (88 SE2d 13). Appellees nevertheless contend that they are insulated against the payment of prejudgment interest as the total lien cannot exceed what is allowed by OCGA § 44-14-360 et seq. We find that an award of prejudgment interest is distinct and separate from and not to be included in the calculation of the "aggregate amount of liens," within the meaning of OCGA § 44-14-361.1 (e). In this regard, we note that OCGA § 7-4-15 expressly provides that "[a]ll liquidated demands . . . bear interest from the time the party shall become liable and bound to pay them." No exclusion is made in this statute to liquidated demands underpinning a materialman's lien. Prejudgment interest is not precluded merely because the aggregate amount of liens exceeds the contract price under OCGA § 44-14-361.1.

5. In view of our holding in Division 1, we conclude that appellant's enumeration that the trial court erred in concluding that appellees are not liable for attorney fees is not ripe for adjudication. However, in the interest of judicial economy, we conclude that *First Union Nat. Bank &c. v. Big John's &c.*, 203 Ga. App. 797, 798 (4) (417 SE2d 416) and *Bankers &c. Ins. Co. v. Oliver*, 106 Ga. App. 305, 308 (3) (126 SE2d 887) are distinguishable and not controlling. Further, the mere fact that an applicable lien statute does not expressly provide for attorney fees would not per se preclude such an award if the statutory requirements of OCGA § 13-6-11 were otherwise satisfied. See also *Turner Constr. Co.*, 202 Ga. App. 726, supra.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED DECEMBER 11, 1995 — 

*Kent, Worsham, Smart & Brannon, Hugh M. Worsham, Jr.,* for

appellant.

*Lee, Black, Scheer & Hart, Steven E. Scheer, Christopher L. Rouse,* for appellees.