A97A0260. SUMNER v. DEPARTMENT OF HUMAN RESOURCES.
(483 SE2d 602)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Geneva Sumner, individually and as administratrix of the estate of her son, appeals the order of the superior court granting appellee/defendant Georgia Department of Human Resources' (DHR) motion to dismiss. The trial court converted the motion to a motion for summary judgment, stating it had considered matters outside the pleadings.

This is a suit for damages brought against DHR. Appellant's four-year-old son, Donovan Clark, was killed by a foster child placed with appellant by DHR. Appellant contends that DHR failed to disclose that the foster child was disposed toward violent conduct, which it is claimed was documented in the records in DHR's possession. Appellant in the alternative contends her claims arise from breach of a written contract, specifically a breach of appellee's duty to disclose

under the contract. Appellee seeks dismissal on the ground inter alia that the claims of appellant are barred by sovereign immunity. Appellant further contends that DHR's failure to make her aware of the foster child's disposition toward violent conduct constitutes a fraud, and that there is no exception in the tort waiver provisions of the Georgia Tort Claims Act based on fraud. *Held*:

1. At summary judgment a movant/defendant must demonstrate by reference to *evidence* in the record that there is an absence of *evidence* to support at least one essential element of the non-moving party's case. In other words summary judgment is appropriate when the court, viewing all the facts and reasonable inferences flowing therefrom in a light most favorable to the non-moving party, concludes that the *evidence* does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Further, in ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the *evidence* and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). However, the standard for disposing of a motion to dismiss has a substantially different focus. Under the Civil Practice Act, a motion to dismiss with prejudice, such as was filed in this case, should not be granted unless the *averments* in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 65 (3) (424 SE2d 632); *C. F. I. Constr. Co. v. Bd. of Regents &c. of Ga.*, 145 Ga. App. 471, 475 (4) (243 SE2d 700).

2. The trial court in its order expressly stated: "This case came before the court on defendant's motion to dismiss, which the court procedurally treated as a motion for summary judgment *since matters of record outside the pleadings were considered.*" (Emphasis supplied.) Thereafter the court granted appellee's motion. Appellant contends that reversible error occurred because the trial court failed to provide it with notice and opportunity to present evidence on the converted motion for summary judgment. We agree.

OCGA § 9-11-12 (b) pertinently provides: "If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56." In *Aycock v. Calk*, 222 Ga. App. 763, 764 (476 SE2d 274) (whole court), this Court held: "It is clear that in dismissing the [appellant's]

complaint, the trial court considered matters outside the pleadings, thereby converting the order into one for summary judgment. [Cits.] 'Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. (Cit.) "This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. (Cits.)" (Cit.)' " The court further held: " ' "The crucial point is to insure that the party against whom summary judgment is sought has had a *full and final opportunity* to meet and attempt to controvert the assertions against him." ' . . . While the record as it stands *may support* the trial judge's ruling, it also shows that the [appellant was] not notified that the trial court intended to rule upon the merits of [her] claim and that [she was] not provided a full and final opportunity to respond to the court's sua sponte review. The notice requirement is clear, simple to meet, and necessary. We should not muddy the waters by assuming a party had notice where the record shows none was given. We are thus required to remand the cause so that the [appellant] may be given such fair notice and an opportunity to respond." (Emphasis in original and supplied.) Id. at 764; see *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169 (1) (390 SE2d 257).

Appellee, however, contends that the trial court did not consider any evidentiary matters outside the pleadings, and that any error in treating the motion to dismiss as a motion for summary judgment was harmless. We cannot conclude from our examination of the record what matters outside the pleadings the trial court may or may not have considered. Appellee has failed to establish with the requisite degree of certainty that the trial court did not consider some matter outside the pleadings; in the face of the trial court's express statement that it did consider such matters, we decline to conclude the trial court erred in stating such fact. Thus the trial court was required, by statute, to provide appellant with notice and opportunity in accordance with *Aycock*, supra.

Assuming the trial court had erred in converting the motion to dismiss into a motion for summary judgment, the trial court then would have erroneously applied a summary judgment standard rather than a motion to dismiss standard in the resolution of the motion. While it is a general rule that a grant of summary judgment must be affirmed if it is right for any reason (*Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (3) (405 SE2d 61)), it is an equally well-established exception that a right-for-any-reason rule cannot be applied where, as in this case, it is apparent that the trial

court rested its judgment upon an erroneous legal theory; in such instances the trial court commits reversible error. *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249), and cases cited therein; accord *Gaster Lumber Co. v. Browning*, 219 Ga. App. 435, 437 (1) (465 SE2d 524). *Christensen v. State of Ga.*, 219 Ga. App. 10, 11 (4) (464 SE2d 14) is distinguishable; unlike *Christensen*, appellant in this case submitted no evidence in support of her position and has consistently asserted in her appellate briefs that she would, if allowed, submit evidence in support of her claim.

The judgment in this case is hereby vacated and the case remanded with direction that the trial court reconsider the motion to dismiss. If the trial court again determines that matters outside the pleadings are to be considered and that the motion to dismiss is to be converted as a motion for summary judgment, appellant shall then be given the requisite statutory notice and opportunity to present evidence prior to any ruling being made as to the disposition of said motion. In view of our holding, appellant's other contentions are not ripe for adjudication.

*Judgment vacated and case remanded with direction. Ruffin and Eldridge, JJ., concur.*

ON MOTION FOR RECONSIDERATION.

Appellant's motion for reconsideration is denied. By our holding, we have returned this issue to the trial court to consider it anew. Both sides shall be given any required notices and the opportunity to be heard regarding their respective positions as to the issue under consideration. In view of the posture of the record before us, we find this disposition necessary in order to protect or effectuate any judgments hereafter resulting in this case. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

DECIDED FEBRUARY 18, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997.

*Blackwood, Matthews & Steel, James B. Matthews III, John B. Briggs, Blasingame, Burch, Garrard, Bryant & Ashley, J. Ralph Beaird, Kathleen M. Timmons*, for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, C. Latain Kell, Senior Assistant Attorney General, Patricia Guilday, Assistant Attorney General*, for appellee.