A00A0673. BAYS et al. v. RIVER OAKS CONSTRUCTION, INC. et al.

(535 SE2d 543)

JOHNSON, Chief Judge.

On March 29, 1999, Joseph and Gina Bays sued River Oaks Construction, Inc., and Prudential Residential Services, L.P., after the home the Bayses purchased in February 1996 was found to have water damage allegedly caused by the faulty installation of synthetic stucco on the home's exterior walls. The home, which was built by River Oaks, was certified for occupancy in January 1995 and sold to Troy and Susan Harris. Months later, the Harrises, with Prudential acting as their agent, sold the home to the Bayses. The suit alleged causes of action based on negligence in installing the stucco, negligence in constructing the home, breach of implied warranty of suitability, negligent misrepresentation, and fraud. River Oaks filed a motion to dismiss based on failure to state a claim. After converting the motion to a motion for summary judgment, the trial court entered judgment in favor of both defendants. The Bayses appeal.

1. The Bayses contend the trial court erred in granting summary judgment to River Oaks based on a motion to dismiss without giving the Bayses 30 days to submit evidence in opposition to the summary judgment motion. We agree.

The record shows that River Oaks filed a motion to dismiss with its answer on May 6, 1999. In the motion to dismiss, River Oaks contended that the complaint failed to state a claim upon which relief could be granted because River Oaks did not sell the home to the Bayses, River Oaks had no contact with the Bayses before they purchased the home, River Oaks made no representations to and owed no duty to the Bayses, and there was no privity on which to base a breach of warranty claim. The motion did not contain any evidence in support of the arguments.

The Bayses filed a response to the motion on May 17, 1999, asserting that even if there is evidence showing that they are subsequent purchasers of the home, and their breach of warranty claim does not survive, their remaining claims would survive since privity of contract is not required for a cause of action based on negligence.

The trial court held a hearing on the motion to dismiss on September 7, 1999. The Bayses filed a supplemental brief on September 13, 1999, asserting that the motion to dismiss should be denied because it did not appear from the pleadings that the Bayses could prove no set of facts which would entitle them to relief.

River Oaks filed a supplemental brief on September 20, 1999. It attached to the brief, for the first time, the unsigned affidavit of its president. In the affidavit, the president denied having had any contact with the Bayses or making any representations to them before

they bought the house, denied having applied the stucco to the home, and denied being knowledgeable about or trained in the stucco application process. Although River Oaks had not mentioned a statute of limitation defense in its motion to dismiss, it raised the defense in the supplemental brief. In the brief, River Oaks asked the trial court to consider the affidavit and other evidence outside the pleadings and to treat its motion as one for summary judgment. River Oaks filed an additional supplemental brief on September 24, 1999, attaching the same affidavit from its president, though this time it was signed.

On September 27, 1999, the trial court signed an order dismissing the entire complaint with prejudice, including the claims against Prudential, though Prudential had not moved for dismissal or summary judgment. In its order, the trial court states that it considered the arguments and the record, that the complaint discloses with certainty that the Bayses would not be entitled to relief under any state of facts asserted in the complaint, that the Bayses could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought, and that it could, in its discretion, treat a motion to dismiss as one for summary judgment. The trial court states that the motion to dismiss is granted and that the complaint is dismissed in its entirety.

The Bayses moved for reconsideration, requesting that the court give them 30 days in which to respond to River Oaks' supplemental brief and to the affidavit filed with it. The motion was denied. This was error.

If, on a motion to dismiss for failure of the complaint to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the trial court, the motion is treated as one for summary judgment.[1] Where the trial court treats a motion to dismiss as one for summary judgment, the trial court must give the respondent 30 days in which to respond to the motion.[2] It is crucial that the party against whom summary judgment is sought has had a full and fair opportunity to meet and attempt to controvert the assertions against him, before judgment is entered.[3]

When River Oaks filed its supplemental brief in which it requested that the trial court treat its motion as one for summary judgment, it attached evidence for the court's consideration. The evidence was not excluded by the trial court. Indeed, in its order the trial court states that it is authorized to treat the motion to dismiss as a motion for summary judgment, and that it considered the

---

[1] OCGA § 9-11-12 (b).

[2] OCGA § 9-11-56; *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 92-94 (2) (483 SE2d 602) (1997).

[3] *Aycock v. Calk*, 222 Ga. App. 763, 764 (476 SE2d 274) (1996).

record. Because matters outside the pleadings were presented to and not excluded by the trial court in disposing of the motion to dismiss, the motion was converted into a motion for summary judgment.[4]

Although the requirement that a party be given notice and a full and fair opportunity to respond to a summary judgment motion is clear, simple to meet, and necessary,[5] the trial court in this case gave the Bayses neither notice of its intent to convert the motion nor a full opportunity to respond before ruling on the motion. We therefore remand the case so that the Bayses are given the requisite notice and opportunity to present evidence in opposition to summary judgment before any ruling is made on the motion.

We disagree with River Oaks' contention that reversal is not required because there has been no showing of harm. The Bayses have shown that the decision was rendered before they were given a full opportunity to respond to the summary judgment motion, and they attempted thereafter to add to the record various affidavits and depositions purporting to show evidence of conversations between the Bayses and River Oaks' president, the president's knowledge of problems with the Bayses' home, his general knowledge of problems related to stucco finishes, an expert's assessment of the damage and stucco problems in construction, and circumstances which could toll the statute of limitation. Thus, harm has been shown.[6]

2. Considering the trial court's failure to give the Bayses the proper notice and opportunity to respond, we hold that the trial court also erred in dismissing the complaint as to Prudential, who, we note, did not move for dismissal or summary judgment.[7]

3. In light of the foregoing, the Bayses' other contentions are not ripe for adjudication.

*Judgment vacated and case remanded with direction. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 9, 2000.

*Eugene C. Brooks IV, Russell M. Stookey,* for appellants.
*Pursley, Howell, Lowery & Meeks, Audrey R. Kohn, Paul A. Howell, Jr., Inglesby, Falligant, Horne, Courington & Nash, Glen M.*

---

[4] *White House v. Winkler,* 202 Ga. App. 603, 606 (415 SE2d 185) (1992); *Mica-Top Fixture Co. v. Frank G. Shattuck Co.,* 124 Ga. App. 100 (1) (183 SE2d 15) (1971).

[5] *Aycock,* supra at 764.

[6] Compare *Christensen v. State of Ga.,* 219 Ga. App. 10, 12 (4) (464 SE2d 14) (1995).

[7] *Jim Altman Ins. v. Zorn & Son Ins. Agency,* 184 Ga. App. 575 (362 SE2d 142) (1987).

*Darbyshire, Hunter, Maclean, Exley & Dunn, Dennis B. Keene, Seslee S. Smith*, for appellees.

