## A00A2445. FOWLER v. CATOOSA COUNTY et al.
(541 SE2d 127)

BLACKBURN, Presiding Judge.

Following a dismissal of his pro se Catoosa County lawsuit, Leon Claude Fowler appeals, alleging that: (1) his due process rights were violated by the dismissal of his action in replevin; (2) Judge W. Ralph Hill, Jr. should have recused himself from the case because he was personally involved and therefore biased; and (3) the dismissal was premature due to the appellees' failure to answer interrogatories he posed to the appellees. Because Fowler has failed to show error by the record on appeal, we affirm the trial court's decision.

In its order, the trial court found that Fowler had filed his petition for writ of replevin on or about April 7, 2000. Defendant Renzo Wiggins filed a motion to dismiss or in the alternative a motion for summary judgment and a notice of hearing on May 5, 2000. After a hearing on Wiggins' motion, on June 7, 2000, the trial court dismissed Fowler's petition and found that it was frivolous based on the fact that it was an attempt to relitigate issues that were the subject matter of no less than three prior lawsuits. The trial court barred the underlying action based on the doctrines of res judicata and collateral estoppel. Thereafter, Fowler filed his notice of appeal and indexed his own documents to be filed with the appeal.

1. Fowler has the burden of proving error on appeal; however, he has failed to present this Court with any evidence refuting the trial court's determination that the underlying action was the subject of three prior actions. Nor does the record contain any evidence showing a bias or personal involvement by Judge Hill. Additionally, Fowler has failed to present this Court with a transcript of the hearing on Wiggins' motion to dismiss.

The appellant has the burden to show the alleged error by the record, and "where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." *Regency Exec. Plaza Unit Owner's Assn. v. Wilmock, Inc.*[1]

Because Fowler failed to meet his burden on appeal, we affirm the trial court's order dismissing his action.

2. Fowler failed to attend the hearing on the appellees' motion to dismiss. He contends that the trial court violated his due process rights by dismissing his action after the hearing for which he was not present. However, Fowler had notice of the hearing and voluntarily chose not to attend. He asserts in his brief that anyone "can understand why [he] refused to appear at a scheduled hearing." "The fun-

---

[1] *Regency Exec. Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 194 (514 SE2d 446) (1999).

damental idea of due process is notice and an opportunity to be heard." *Nix v. Long Mountain Resources*.[2] Fowler was availed of his due process rights and elected to refuse them. Appellees' motion for frivolous appeal sanction is denied.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 25, 2000 —
RECONSIDERATION DENIED NOVEMBER 9, 2000.

Leon C. Fowler, *pro se.*

*Hall, Booth, Smith & Slover, Phillip E. Friduss, Russell E. Owens, Ben T. Hickey*, for appellees.

---

[2] *Nix v. Long Mountain Resources*, 262 Ga. 506, 509 (422 SE2d 195) (1992).