### A04A0158. BYNUM v. HORIZON STAFFING.
(596 SE2d 648)

PHIPPS, Judge.

Waddell Bynum appeals the trial court's dismissal of his employment discrimination action for failure to state a claim. Finding no reversible error, we affirm.

Bynum filed a pro se complaint against his former employer, Horizon Staffing, alleging that he had been unfairly terminated after injuring his hand on a construction job. He sought $100,000 for "mental anguish" and "employment discrimination." Horizon moved to dismiss, arguing that the complaint failed to specify any facts suggesting employment discrimination. "Rather," Horizon argued, "the Complaint describes a workers' compensation injury that has already been remedied" pursuant to a settlement agreement approved by the State Board of Workers' Compensation. Horizon attached to its motion a copy of the settlement agreement, as well as a letter of resignation signed by Bynum, who was then represented by counsel. Horizon also attached a copy of a complaint that Bynum had filed with the Equal Employment Opportunity Commission (EEOC), alleging that Horizon had discriminated against him on the basis of race, sex, age, and disability. Finally, Horizon attached a copy of a dismissal notice from the EEOC to Bynum, advising him that the

EEOC had been "unable to conclude that the information obtained establishe[d] violations of the statutes."

The record contains no response by Bynum to Horizon's motion to dismiss. The trial court held a hearing on the motion, but no transcript of that hearing appears in the appellate record. After the hearing, the court granted Horizon's motion.

Bynum appeals pro se. In his brief, he states that after his injury, Horizon offered him only limited medical treatment; that he was given ibuprofen and told to return to light duty work; that he does not remember signing a letter of resignation; and that during the workers' compensation proceedings, he was "under the sedation [of] the company doctor." In addition, Bynum reiterates that he was unfairly terminated.

1. The trial court should grant a motion to dismiss for failure to state a claim upon which relief may be granted if (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.[1] In deciding a motion to dismiss, the court must construe all pleadings most favorably to the party who filed them and must resolve all doubts about such pleadings in the filing party's favor.[2]

If, on a motion to dismiss for failure to state a claim, matters outside the pleadings are presented to and not excluded by the trial court, the motion is treated as one for summary judgment.[3] In such a case, the court must give the parties "reasonable opportunity to present all material made pertinent" to a summary judgment motion.[4] Specifically, the court must give the nonmoving party at least 30 days notice to prepare evidence in opposition to summary judgment.[5]

In its order granting Horizon's motion to dismiss, the court stated that it had performed a "careful review of the record of this case, including any evidence submitted." Thus, the court considered the documents submitted by Horizon, and Horizon's motion was converted to one for summary judgment.[6] Under these circumstances, the court was required to give Bynum notice of this conversion and at least 30 days to respond. The court failed to follow this

---

[1] *Bakhtiarnejad v. Cox Enterprises,* 247 Ga. App. 205, 207-208 (1) (541 SE2d 33) (2000).

[2] Id. at 208.

[3] OCGA § 9-11-12 (b).

[4] Id.

[5] See *Cox Enterprises v. Nix,* 273 Ga. 152, 153 (538 SE2d 449) (2000).

[6] See *Bays v. River Oaks Constr.,* 244 Ga. App. 401, 403 (1) (535 SE2d 543) (2000).

procedure. On May 5, it sent the parties a notice that it would hear Horizon's motion to dismiss on May 29, and a hearing apparently occurred on that date. The notice, however, did not state that the motion was being converted to one for summary judgment, and it was issued only 24 days before the hearing.

But deficient notice is not reversible absent a showing of harm.[7] Bynum has failed to show — or even to argue — that he was harmed by any deficiency in the court's notice. He has not asserted that, if he had received proper notice, he would have filed any briefs, affidavits, or other supporting documentation.[8] Thus, we find no reversible error in the court's conversion of Horizon's motion and consideration of its evidence.

The next question is whether the court properly granted summary judgment to Horizon. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[9] A defendant may win summary judgment by demonstrating the absence of evidence as to one essential element of the plaintiff's case.[10] "Should the defendant do so, the plaintiff cannot rest on [his] pleadings, but rather must point to specific evidence giving rise to a triable issue."[11]

Because Horizon argued that there was no evidence of employment discrimination, and no such evidence appears in the record, Horizon was entitled to summary judgment. Bynum's failure to provide the transcript from the hearing requires us to assume that he failed to controvert the documents presented by Horizon and that the trial court ruled correctly.[12] Although Bynum now disputes the validity of at least some of Horizon's evidence, it is his burden to show error from the record.[13] He cannot carry this burden simply by making assertions in his appellate brief.

2. Bynum's motions for more definite statement and "to not dismiss appeal" are denied as moot.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

---

[7] See *Christensen v. State of Ga.*, 219 Ga. App. 10, 12 (4) (464 SE2d 14) (1995).

[8] See id.

[9] OCGA § 9-11-56 (c).

[10] *Jackson v. K-Mart Corp.*, 242 Ga. App. 274, 275 (529 SE2d 404) (2000).

[11] (Citation and punctuation omitted.) Id.

[12] See *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747 (1) (559 SE2d 450) (2002) ("Where the transcript is necessary for review and [the] appellant omits it from the record on appeal, the appellate court must [presume] the judgment below was correct and affirm.") (citation and punctuation omitted); *Tidwell v. Tidwell*, 251 Ga. App. 863, 864 (554 SE2d 822) (2001).

[13] See *Fowler v. Catoosa County*, 246 Ga. App. 740 (1) (541 SE2d 127) (2000).

DECIDED FEBRUARY 24, 2004 —
RECONSIDERATION DISMISSED MARCH 18, 2004 —

Waddell Bynum, *pro se.*
*Salter & Richards, Theodore Salter, Jr.,* for appellee.