## A04A1283. LITSKY v. SCHAUB.
(603 SE2d 754)

RUFFIN, Presiding Judge.

After Howard Litsky and Dana Schaub divorced, the two litigated custody and support issues in the Juvenile Court of Gwinnett County. In May 2003, Litsky, proceeding pro se, sued Schaub in the State Court of Gwinnett County for fraud, breach of contract, perjury, slander and defamation of character. Schaub moved to dismiss the complaint, asserting that it was barred by res judicata. The trial court granted the motion, and this appeal ensued. For reasons that follow, we reverse.

"In deciding a motion to dismiss, the court must construe all pleadings most favorably to the party who filed them and must resolve all doubts about such pleadings in the filing party's favor."[1] So construed, Litsky's complaint alleges four counts of fraud, including that Schaub: (1) fraudulently induced Litsky to waive attorney fees in connection with the divorce proceedings; (2) entered into an agreement to modify visitation with no intent of honoring said agreement; (3) misappropriated $57.36 Litsky paid monthly for his child's medical insurance; and (4) misappropriated an additional $38.71 that Schaub should have used to pay for medical insurance. Litsky further alleged that his wife breached an agreement they had reached in which, in exchange for Litsky's waiver of certain attorney fees, Schaub would not use a "phone call incident" from February 2000 "for any purpose." Litsky also brought claims that his wife perjured herself and that she had slandered him by falsely telling others that he had stalked her.

Schaub moved to dismiss Litsky's complaint, asserting that it was barred by res judicata. Specifically, Schaub argued that the issues "actually had been ruled upon in Superior Court Civil Action File No. 00-A-09631-4 and Juvenile Court Docket No. 00-5917-2 in the Gwinnett County Judicial Circuit." In support of this motion, Schaub attached five exhibits from the juvenile court proceedings, consisting of a motion for reconsideration and four court orders.

---

[1] *Bynum v. Horizon Staffing,* 266 Ga. App. 337, 338 (1) (596 SE2d 648) (2004).

The trial court granted Schaub's motion. In its order, the court found that "after consideration of the pleadings, motion, response by [Litsky], all other matters of record, and the applicable and controlling law," Litsky's complaint was barred by res judicata. This appeal ensued.

Initially, we must address whether the trial court properly considered Schaub's motion as one to dismiss. Because the trial court relied upon documents other than the pleadings, the motion to dismiss should in fact be treated as a motion for summary judgment.[2] And summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]

Schaub argues that res judicata bars Litsky's complaint. It is well settled that before a prior action will

> bar a subsequent action under the doctrine of res judicata, several requirements must be met: The first action must have involved an adjudication by a court of competent jurisdiction[;] the two actions must have an identity of parties and subject matter[;] and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.[4]

Here, the only prior action established by Schaub is the juvenile court matter. OCGA § 15-11-28 sets forth the jurisdiction of the juvenile court. Pursuant to subsection (c),

> [w]here [child] custody is the subject of controversy, except in those cases where the law gives the superior courts exclusive jurisdiction, in the consideration of these cases the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order of the superior court.

Nothing in this Code section purports to give a juvenile court jurisdiction over the type of claims Litsky alleged in his complaint. Accordingly, the juvenile court matter cannot be considered "an adjudication by a court of competent jurisdiction" for res judicata

---

[2] See *Bynum,* supra.

[3] OCGA § 9-11-56 (c). See also *Bynum,* supra at 339.

[4] (Citations and punctuation omitted.) *Grant v. Franklin,* 244 Ga. App. 370, 371 (534 SE2d 584) (2000).

purposes.[5] It follows that the trial court erred in granting summary judgment on this basis.[6]

*Judgment reversed. Eldridge and Adams, JJ., concur.*

DECIDED AUGUST 25, 2004.

Howard Litsky, *pro se.*

*McCurdy & Stone, W. Phillip McCurdy III, Phyllis Miller,* for appellee.

---

[5] *Grant,* supra.

[6] In so holding, we do not pass on the merits of the underlying claims, and we express no opinion on whether these claims might be subject to dismissal or summary judgment on some other ground not raised below or ruled upon by the trial court. Because res judicata was the only basis for the trial court's order, it is the only issue addressed on appeal.