A08A2020. STONE v. STONE.
(673 SE2d 283)

JOHNSON, Presiding Judge.

William Stone sued his ex-wife, Sherree, for indemnification under their divorce settlement agreement, breach of fiduciary duty, and fraud. Sherree moved to dismiss, arguing that the claims were barred by res judicata. The trial court dismissed the action, and we granted William's application for discretionary appeal.[1] For reasons that follow, we affirm in part and reverse in part.

The underlying facts are not in dispute. William and Sherree separated on August 28, 2005, and William filed for divorce the

---

[1] Although William's allegations sound in contract and tort, the claims ultimately involve domestic relations and are subject to the discretionary appeal procedures in OCGA § 5-6-35 (a) (2). *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005).

following month. While the divorce was pending, Sherree obtained five cash advances totaling $21,750 from an equity line of credit secured by the couple's marital home. She deposited the money in her individual bank account and used it for personal expenses. Sherree informed William about the advances during a deposition on March 13, 2006.

The parties eventually negotiated a divorce settlement and announced the terms of their agreement at a hearing on April 12, 2006. Among other things, they agreed that William would receive the marital home. They also agreed that William would be responsible for all marital debts incurred prior to the August 28, 2005 separation, and Sherree would pay "her personal credit cards and other bills that she . . . incurred since that time."

The parties anticipated formalizing the settlement in writing, but stipulated that if they could not agree on a written draft, the trial court could make the transcript of the April 2006 hearing part of the final divorce decree.[2] When they failed to produce a written settlement document, the trial court incorporated the agreement reflected in the April 2006 hearing transcript into the final decree. With respect to debts, the decree specified that William would "be responsible for, and pay all debts incurred by him, and all marital debts incurred by either him or [Sherree] prior to the date of separation of the parties, August 28, 2005." It further provided:

> [Sherree] will be responsible for and pay all debts incurred by her after August 28, 2005. [Sherree] shall indemnify [William] and hold him harmless from any loss, cost, and expense arising out of any claims, demands, actions, or proceedings that may be made or instituted against him for liability arising out of such debts.

The trial court entered the decree on November 29, 2006. As required, Sherree quitclaimed her interest in the marital residence to William the following month. William, however, was concerned that Sherree's equity line cash withdrawals had encumbered the home, and he sued her for indemnification, as well as for breach of fiduciary duty and fraud. Sherree moved to dismiss, arguing that the claims were barred by the prior divorce action. Citing res judicata, the trial court dismissed the action.

---

[2] See *Edelkind v. Boudreaux*, 271 Ga. 314, 316 (2) (519 SE2d 442) (1999) ("Oral settlement agreements in divorce cases are contracts and may be enforced if their existence is established without dispute.").

1. Under res judicata, a prior action bars a subsequent suit if the following requirements are met:

> The first action must have involved an adjudication by a court of competent jurisdiction; the two actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.[3]

Without dispute, a court of competent jurisdiction adjudicated the divorce proceeding, and the parties to that proceeding are the same parties involved here. But William argues that the divorce action and this proceeding are distinct and that he could not have litigated his indemnity claim before now. We agree.

Sherree contends that identity of subject matter exists because liability for the equity credit line debt was — or could have been — resolved in the divorce proceeding. At base, however, this is a contract action. William asserts that Sherree breached the settlement agreement incorporated in their divorce decree by not indemnifying him for the debts she incurred through the credit line. Importantly, he does not now seek to assign liability for the debt. He claims that, pursuant to the divorce settlement and decree, she *is* liable and that she violated the agreement by not accepting financial responsibility.

We fail to see how this claim is barred by res judicata. Although William might have been able to enforce the indemnity provision through the divorce action, Georgia law permits a separate contract suit in this situation. As we have held:

> Where a settlement agreement is incorporated into a final decree of divorce, a suit seeking damages for the violation of its terms need not be initiated solely upon the decree; but an action ex contractu may be maintained due to a breach of the settlement agreement.[4]

Questions may remain as to the merits of William's action and whether Sherree breached their agreement. But the breach allega-

---

[3] (Citation and punctuation omitted.) *Litsky v. Schaub*, 269 Ga. App. 254, 255 (603 SE2d 754) (2004).

[4] *Gray v. Higgins*, 205 Ga. App. 52, 53 (2) (a) (421 SE2d 341) (1992). In *Walker*, supra at 655 (2), our Supreme Court disapproved of *Gray* to the extent it authorized a direct – rather than discretionary – appeal in this type of case. The *Walker* Court, however, did not reject *Gray*'s holding regarding a separate contract action, and it specifically recognized that *Gray* involved a "suit for damages" alleging breach.

tion was not — and could not have been — adjudicated in the divorce proceeding, which *concluded* when the parties settled the case and the trial court incorporated that settlement into the final divorce decree. The trial court, therefore, erred in dismissing the contract/indemnification claim as res judicata.[5]

2. William's complaint also alleges that Sherree breached her fiduciary duty to him and committed fraud by withdrawing money from the equity credit line. On appeal, however, William focuses solely on his contract/indemnification claim. He does not specifically argue that the trial court erred in dismissing the fiduciary duty and fraud allegations. And he makes no effort to explain why he could not have addressed these claims through the divorce settlement, which he entered after learning about Sherree's cash withdrawals.

Under Georgia Court of Appeals Rule 25 (c) (2), "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned." To the extent William argues that the trial court erred in dismissing his breach of fiduciary duty and fraud allegations, we find that William has abandoned his argument. Accordingly, we affirm the trial court's dismissal of those two claims.

3. Given our holding in Divisions 1 and 2, we need not reach William's remaining claims of error, which are moot.

*Judgment affirmed in part and reversed in part. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 29, 2009

*Andy J. Williams, Jr.*, for appellant.
*Kirbo, Kendrick & Bell, Joshua C. Bell*, for appellee.

---

[5] See *Gray*, supra; *Wilbanks v. Dolberry*, 177 Ga. App. 644, 645 (340 SE2d 275) (1986) (res judicata did not bar ex-husband's suit for breach of divorce settlement agreement; prior contempt action filed in divorce proceeding addressed only whether ex-wife wilfully violated agreement and did not address issues of simple breach of contract); compare *Prince v. Prince*, 147 Ga. App. 686, 689 (2) (250 SE2d 21) (1978) (ex-husband's suit against ex-wife for ownership of certain funds was barred by prior divorce proceeding, which resolved the issue of property division).