# Court of Appeals
# of the State of Georgia

ATLANTA,  October 18, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0280.  AKASH DIXIT v. CHRISTOPHER BRASHER, JUDGE.**

Akash Dixit filed a petition for mandamus against Judge Christopher Brasher, who was presiding over his divorce case.  In the petition, Dixit asked the trial court to order Judge Brasher to dismiss the divorce case for lack of jurisdiction, recuse himself, and set aside the divorce decree.  The trial court dismissed the mandamus petition, ruling that "[Dixit's] right to appeal any of Judge Brasher's decisions constitutes an adequate remedy that bars him from seeking mandamus relief."[1]  Dixit appealed that ruling directly to the Supreme Court, which transferred the case here.[2]  We, however, lack jurisdiction because Dixit was required to file a discretionary application.

The Supreme Court has held that "the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal.  A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an

---

[1] Dixit filed a direct appeal from the divorce decree.  We dismissed the appeal as interlocutory because Dixit's motion for new trial remained pending below.  See Case No. A17A2036, decided July 31, 2017.  After the trial court denied Dixit's motion for new trial, he filed an application for discretionary appeal, which we dismissed as interlocutory because a motion for attorney fees remained pending below.  See Case No. A18D0064, decided September 18, 2017.

[2] This Court has subject matter jurisdiction over cases involving extraordinary remedies in which the notice of appeal was filed on or after January 1, 2017.  OCGA § 15-3-3.1 (a) (4).

application for appeal as provided under OCGA § 5-6-35." *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994). OCGA § 5-6-35 (a) (2) provides that appeals from orders in divorce cases must be taken by application for discretionary review. "Where the underlying subject matter, i.e., the issues sought to be appealed, clearly arises from or is ancillary to divorce proceedings . . . the appeal is within the ambit of this statute." *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984).

Here, Dixit's objective in the mandamus action was "to obtain relief from the orders entered in his divorce case"; thus "the underlying subject matter is divorce." *Self v. Bayneum*, 265 Ga. 14, 15 (453 SE2d 27) (1995). Dixit "cannot avoid the discretionary review procedure by challenging the trial court's rulings via writ of [mandamus]." Id.; see also *Walker v. Estate of Mays*, 279 Ga. 652 (619 SE2d 679) (2005); *Stone v. Stone*, 295 Ga. App. 783, 783 n.1 (673 SE2d 283) (2009). Because Dixit failed to follow the discretionary review procedure, we lack jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, 10/18/2017*
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



             *, Clerk.*