**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 20, 2020**

# In the Court of Appeals of Georgia

A20A0383. PATRICIA DUFFY v. STEPHEN SANDERS.

HODGES, Judge.

Patricia Duffy ("Wife") appeals from the trial court's dismissal of her complaint seeking a declaratory judgment and asserting a claim for tortious interference with business relations against her ex-husband Stephen Sanders ("Husband"). Husband has moved to dismiss the appeal on the ground that Wife was required to file a discretionary application. We agree and therefore dismiss this appeal for lack of jurisdiction.

"It is well established that this Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." (Footnote and punctuation omitted.) *Pathfinder Payment Solutions, Inc. v. Global Payments Direct, Inc.*, 344 Ga. App. 490, 490 (810 SE2d 653) (2018). As our

Supreme Court has advised, litigants must "review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35." *Schumacher v. City of Roswell*, 301 Ga. 635, 636 (1) (803 SE2d 66) (2017), citing *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994). We consider the underlying subject matter here to determine whether a discretionary application was required in order to appeal.

The record reveals that the parties were divorced in 2014. Their settlement agreement was incorporated into the final judgment and decree. Husband was awarded alimony, and the parties agreed that the award could not be modified and waived any statutory right to future modification based upon a change in the income of either party. Wife was awarded the marital property and Husband was required to execute a quitclaim deed conveying any right, title, and interest to the property to Wife within 30 days of the entry of the final judgment and decree. Husband agreed that he had not "placed any liens or encumbrances on said property." Husband also agreed to convey to Wife any right, title and interest in the brokerage business Wife operated.

2

In August 2018, Wife filed a "Complaint for Termination of Alimony" in which she alleged that since the entry of the divorce decree, there had been a substantial change in Husband's financial status. Husband answered and counterclaimed for declaratory relief asserting that pursuant to the final judgment and decree, Wife waived her right to seek a modification of alimony.

Wife subsequently filed two amended complaints, the second of which added a claim for tortious interference with business relations. She asserted that in contravention of the divorce decree's requirement that Husband relinquish his interest in the marital home and the brokerage business, Husband claimed an interest in both in his bankruptcy filing causing Wife to default on the mortgage on the home and rendering the brokerage business unable to front the customs duties and taxes for its customers. Wife claimed that Husband's interference "directly caused and induced breaches" of Wife's contractual obligations related to the mortgages on the marital property, and "caused third parties to fail to enter into anticipated business relationships with [Wife]." Wife also requested a declaratory judgment that she owed Husband no alimony. After the filing of the second amended complaint, Wife filed a notice of withdrawal of her claim for modification of alimony, leaving the remaining claims pending.

3

Husband moved to dismiss Wife's complaint pursuant to OCGA § 9-11-12 (b) (1) (lack of jurisdiction over the subject matter) and (b) (2) (lack of jurisdiction over the person) arguing that a claim for tortious interference with business relations cannot be based upon the filing of a bankruptcy petition because federal bankruptcy law preempts state tort claims. Husband also asserted that Wife's request for a declaratory judgment was a "modification of alimony petition masquerading as a declaratory judgment action."

Following a hearing, the trial court granted Husband's motion to dismiss finding that there was no basis for Wife's claim of tortious interference with business relations because husband did not improperly claim the marital home in his bankruptcy filing. The court concluded that although Husband was ordered to quitclaim his interest in the property within 30 days of the divorce decree, the property was still in his name at the time he filed the bankruptcy petition. The court declined to make a declaratory ruling on the issue of alimony because the divorce decree provided that the award was not to be modified or terminated. Wife filed a timely direct appeal from this order.

Husband has moved to dismiss Wife's appeal on the ground that an application for discretionary appeal is required for review of an order in a divorce, alimony, or

4

other domestic relations case. See OCGA § 5-6-35 (a) (2). In response, Wife argues that her tortious interference claim is separate from the divorce action, and that pursuant to *Eickhoff v. Eickhoff*, 263 Ga. 498 (435 SE2d 914) (1993)[1], this case presents a "hybrid" action raising both a domestic relations issue and a non-domestic issue, and rendering the case directly appealable. See Id. at 499-500 (1). We disagree with Wife.

In *Eickhoff*, a dispute arose concerning a settlement agreement that *was not* incorporated into the final divorce decree. Id. at 498. Appellant also sought domestication of a Pennsylvania divorce decree. Id. The court held that the case raised a "domestic relations" issue "only insofar as appellant sought domestication and 'correction' of the Pennsylvania divorce decree" (emphasis omitted), and that the remaining claims were all based upon an unincorporated settlement agreement. Id. at 499 (1). The court described the case as a "hybrid," raising several non-"domestic relations" contract issues that were directly appealable, and a "domestic relations" issue that could be raised pursuant to OCGA § 5-6-34 (d). Id. at 500 (1).

---

[1] Overruled on other grounds, *Lee v. GreenLand Co.*, 272 Ga. 107 (527 SE2d 204) (2000).

5

Here however, Wife's tortious interference claim asserted that the settlement agreement incorporated into the final judgment and decree provided Husband would relinquish any interest in the marital home and brokerage business, but that he nevertheless claimed both in his bankruptcy filing following the divorce, causing Wife to go into default on the mortgage and jeopardizing the brokerage business. Such a claim is ancillary to the divorce proceedings or derived from the marital relationship or both. See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005) (holding that wife and children were required to file an application for discretionary review to appeal trial court order in breach-of-contract case because underlying subject matter related to rights and obligations under husband and wife's divorce decree). Wife was therefore required to file an application for discretionary review under OCGA § 5-6-35 (a) (2). See, e.g., *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 426-427 (731 SE2d 110) (2012) (appeal from court's ruling on child support was a domestic relations case that fell within OCGA § 5-6-35 (a) (2), even though it was initiated by the Georgia Department of Human Resources); *Stone v. Stone*, 295 Ga. App. 783, 783 and 783 n.1 (673 SE2d 283) (2009) (appeal involving suit for indemnification under divorce settlement, breach of fiduciary duty, and fraud, was properly initiated by filing application for discretionary appeal).

Wife's failure to file a discretionary application here deprives us of jurisdiction over this appeal. See *Russo v. Manning*, 252 Ga. 155, 156 (312 SE2d 319) (1984). Accordingly, Husband's motion to dismiss is granted, and this appeal is dismissed. Husband's motions to remand and motion to strike are denied as moot.

*Appeal dismissed. McFadden, C. J., and Doyle, P. J., concur.*