71931. DUNLAP v. POPE.

(339 SE2d 662)

BANKE, Chief Judge.

The appellant filed suit against the appellee, his former wife, in the State Court of Fulton County, seeking, in the alternative, either to recover physical possession of various items of personal property belonging to him which she had allegedly converted to her own use, or to recover the value of those items. In a separate count, he also sought damages for fraud and breach of contract, based on her failure to abide by an alleged agreement to join with him in filing a joint income tax return for 1983, the last full year they were married. Determining that the "crux" of the appellant's claim concerned the appellee's alleged retention of property awarded to the appellant in the parties' final divorce decree, the trial court granted a motion by the appellee to transfer the case to superior court. Pursuant to Rule 11 of the Uniform Transfer Rules, the court specified in the transfer order that the appellant was required to pay a $50 transfer fee to the clerk of the superior court within 20 days or suffer automatic dismissal of the action, without prejudice. The appellant failed to pay the transfer fee, and this appeal is from the resulting automatic dismissal. *Held*:

In determining that exclusive subject matter jurisdiction over this case was in the superior court, the trial judge relied upon OCGA § 19-5-13, which provides as follows: "The verdict of the jury disposing of the property in a divorce case shall be carried into effect by the court by entering such judgment or decree or taking such other steps as are usual in the exercise of the court's equitable powers to execute effectually and fully the jury's verdict." We find nothing in this statute which would divest the state courts of jurisdiction over trover or conversion actions in which the alleged trover or conversion results from the defendant's retention of property awarded to the plaintiff in a final divorce decree.

The state courts have concurrent jurisdiction with superior courts

over "[t]he trial of civil actions without regard to the amount in controversy, except those actions in which exclusive jurisdiction is vested in the superior courts . . ." OCGA § 15-7-4 (2). Pursuant to Art. VI, Sec. IV, Par. I of the Constitution of Georgia of 1983, the exclusive original jurisdiction of the superior courts in civil cases extends only to cases respecting title to land, divorce cases, and equity cases. Although the present case may be said to have arisen from a divorce case, it is obviously not itself a divorce case, nor is any equitable remedy otherwise sought by either of the parties. Rather, the appellant's suit is based entirely on trover, breach of contract, and fraud, all of which fall within the subject matter jurisdiction of the state court. It follows that the transfer of the case to the superior court was not authorized by the Uniform Transfer Rules, which apply "only when the court in which the case is pending is alleged to lack jurisdiction or venue or both." Rule T-2, Uniform Transfer Rules, 251 Ga. 893. There existing no other authority for such a transfer, the order appealed from must consequently be reversed. Accord *Flagship Builders v. Sentinel Star Co.*, 143 Ga. App. 624 (1) (239 SE2d 235) (1977).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

## DECIDED JANUARY 22, 1986.

*John K. Dunlap*, pro se.
*Paul R. Koehler*, for appellee.