S94A0661. BRYANT v. EMPLOYEES RETIREMENT SYSTEM OF GEORGIA et al.

(441 SE2d 757)

PER CURIAM.

In the Bryants' May 1992 divorce, Ms. Bryant was awarded one third of Mr. Bryant's retirement benefits in his account with the Employees Retirement System of Georgia (ERS). Ms. Bryant brought the instant action to obtain an order compelling ERS to pay her share of the benefits directly to her. The trial court denied Ms. Bryant relief, holding that OCGA § 47-2-332 (3) expressly bars assignment of ERS benefits and that ERS was exempt from the provisions of certain federal statutes.

1. Although the present case may be said to have arisen from a

divorce case, it is obviously not itself a divorce case. As in *Larimer v. Larimer*, 249 Ga. 500 (292 SE2d 71) (1982), while Ms. Bryant's action "had its roots in the . . . divorce action, the action [against appellees] was a new action and not merely a continuation of the divorce action." Id. Accord *Wallace v. Wallace*, 260 Ga. 400 (396 SE2d 208) (1990) (equitable partition); *Dunlap v. Pope*, 177 Ga. App. 539 (339 SE2d 662) (1986) (trover, breach of contract, and fraud). Rather, Ms. Bryant's action to enforce a provision in a judgment, albeit a divorce judgment, against a defendant who was not a party to the divorce is analogous to a garnishment action, for which no application pursuant to OCGA § 5-6-35 (a) (2) is required. See *Kile v. Kile*, 165 Ga. App. 321 (301 SE2d 289) (1983) (rendered before the enactment of OCGA § 5-6-35 (a) (4) requiring applications in garnishment cases). Accordingly, we hold that OCGA § 5-6-35 (a) (2) does not apply to this situation, and Ms. Bryant's direct appeal is proper.

2. However, because this is not a divorce case, Art. VI, Sec. VI, Par. III (6) of the Ga. Const. of 1983 does not place appellate jurisdiction of this case in this Court. Furthermore, although Ms. Bryant sought equitable relief, "whether an action is an equity case for the purpose of invoking appellate jurisdiction in this court depends on the issue raised on appeal." *Pittman v. Harbin Clinic &c.*, 263 Ga. 66 (428 SE2d 328) (1993). Our review of the appeal reveals that the primary question in this case is whether the trial court correctly construed OCGA § 47-2-332 and certain federal provisions. The equitable relief sought would have been a matter of routine once the underlying issues of law, i.e., the statutory construction issues, were resolved. Id. Accordingly, this case is transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED APRIL 18, 1994.

*Fraser & Fraser, Mark S. Fraser, Sherman C. Fraser,* for appellant.

*Michael J. Bowers, Attorney General, Susan L. Rutherford, Jeffrey L. Milsteen, Senior Assistant Attorneys General, Kenneth L. Drucker,* for appellees.