CARLEY, Justice.
 

 When Judith Walker and Dr. Aldine Mays were divorced in 1975, the final decree approved and incorporated a settlement agreement which provided that he would maintain a life insurance policy naming her and the children of the marriage as the beneficiaries. The duration of his obligation to do so was "for as long as [the] Agreement is in force." When Dr. Mays died in 2002, there was no life insurance policy in effect that named his ex-wife or their children as beneficiaries.
 

 Ms. Walker and the children (Appellants) brought a breach of contract action against his estate and executrix (Appellees), seeking damages for the failure to maintain the policy. After discovery, the parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of Appellees, concluding that Dr. Mays' obligation to insure his life was an award in the nature of periodic alimony and, as such, terminated upon Ms. Walker's remarriage and the children reaching the age of majority.
 

 Appellants filed an application for discretionary appeal and a notice of direct appeal, both of which were directed to the Court of Appeals. The application was transferred to this Court, but was ordered returned because the underlying action was for damages and did not directly involve any issue of alimony. The Court of Appeals then denied the application. Thereafter, Appellees moved to dismiss the pending direct appeal. By order, the Court of Appeals granted the motion, concluding that its previous denial of the application was res judicata and precluded Appellants from further attempts to appeal the trial court's grant of summary judgment to Appellees.
 

 Appellants applied for certiorari as to both the denial of their application and the dismissal of their direct appeal. We granted the
 

 **653
 

 petition in each case, and posed the following question to be addressed on appeal: "Whether the order appealed from was subject to the discretionary appeal requirements, and if not, did Appellants lose their right of direct appeal by the denial of their application."
 

 1. Although Appellants denominated their claim as a breach of contract action, the settlement agreement was incorporated into the final divorce decree. "[T]he rights of the parties after a divorce is granted are based not on the settlement agreement, but on the judgment itself. [Cit.]"
 
 White v. White,
 

 274 Ga. 884
 
 , 885(2),
 
 561 S.E.2d 801
 
 (2002). Thus, whatever claim Appellants have is founded on the final decree, and not on the underlying agreement. Compare
 
 Eickhoff v. Eickhoff,
 

 263 Ga. 498
 
 , 499(1),
 
 435 S.E.2d 914
 
 (1993) (suit on unincorporated settlement agreement "is simply a contract action in which the parties thereto happen to be former spouses"), overruled on other grounds,
 
 Lee v. Green Land Co.,
 

 272 Ga. 107
 
 , 108,
 
 527 S.E.2d 204
 
 (2000).
 

 OCGA § 5-6-35(a)(2) provides, without exception, that appeals in "domestic relations cases" must be brought by application for discretionary appeal.
 

 Where both the direct and discretionary appeal statutes are implicated, it is always the underlying subject matter that will control whether the appeal must be brought pursuant to OCGA § 5-6-34 or § 5-6-35. . . . Were our precedent to hold otherwise, litigants could avoid OCGA § 5-6-35's discretionary application requirements by seeking relief in the trial court that triggers the right to direct appeal, regardless of the underlying subject matter at issue. Our precedent has repeatedly emphasized that this is not permitted, as litigants cannot under any circumstances
 
 *681
 
 dictate the procedural or jurisdictional rules of this Court. [Cits.]
 

 Ferguson v. Composite State Bd. of Med. Examiners,
 

 275 Ga. 255
 
 , 257(1),
 
 564 S.E.2d 715
 
 (2002).
 

 The obligations and rights created by an incorporated settlement agreement "can be affected only by means of an action addressing the underlying divorce decree itself."
 
 Mehdikarimi v. Emaddazfuli,
 

 268 Ga. 428
 
 , 429(2),
 
 490 S.E.2d 368
 
 (1997). Accordingly, where, as here, the underlying subject matter of a lawsuit relates to such rights and obligations, and the parties are the ex-spouses, their children or their legal representatives, the case involves domestic relations and compliance with OCGA § 5-6-35 is the exclusive means by which to appeal the final order in the action. Compare
 
 Bryant v. Employees Retirement System of Ga.,
 

 264 Ga. 125
 
 , 126(1),
 
 441 S.E.2d 757
 
 (1994) (no
 

 **654
 

 application required in case involving suit by ex-spouse to enforce provision of divorce judgment "against a defendant who was not a party to the divorce").
 

 2. Appellants cite
 
 Crotty v. Crotty,
 

 219 Ga.App. 408
 
 , 409(1),
 
 465 S.E.2d 517
 
 (1995) as authority for a contrary holding. There, a direct appeal was brought in the Court of Appeals, which initially dismissed the case for failure to file an application for discretionary appeal. On motion for reconsideration, however, the Court of Appeals vacated its order of dismissal and transferred the direct appeal to this Court, acting in the belief that the case was within our divorce jurisdiction. This Court also originally dismissed the case for failure to comply with OCGA § 5-6-35. On motion for reconsideration, however, the case was returned to the Court of Appeals for the reason that, rather than any issue of divorce, the appeal raised only matters of contract defense and attorney's fees. After the appeal was redocketed in the Court of Appeals, that Court noted that,
 

 [p]ursuant to the Supreme Court's transfer order, we will now exercise our jurisdiction over this case and adjudicate it on the merits; however, were we at liberty to do so, we would once again dismiss this appeal for failure to file a discretionary application.
 

 Crotty v. Crotty,
 

 supra at 410
 
 (1),
 
 465 S.E.2d 517
 
 .
 

 The obvious error in this observation is that this Court's transfer order did not preclude the Court of Appeals from dismissing the case if it was in fact subject to the discretionary appeal statute. Our return of the direct appeal had no bearing on whether it was a "domestic relations" case within the meaning of OCGA § 5-6-35(a)(2). It simply determined that that appeal was not a divorce or alimony case within this Court's divorce jurisdiction.
 

 Pursuant to OCGA § 5-6-35(a)(2), appeals from judgments and orders in all "domestic relations" cases are discretionary. However, this court does not have jurisdiction over all "domestic relations" discretionary appeals. Under our Constitution, this court only has jurisdiction over "(a)ll divorce and alimony cases. . . ." Art. VI, Sec. VI, Par. III(6) of the Ga. Const. of 1983. The Court of Appeals has jurisdiction over all other "domestic relations" cases. Art. VI, Sec. V, Par. III of the Ga. Const. of 1983. Accordingly, unless [a] case can be deemed a "domestic relations" case in general, which also involves "divorce and alimony" in specific, we would have no jurisdiction over the discretionary appeals.
 

 **655
 

 Eickhoff,
 

 supra at 499
 
 (1),
 
 435 S.E.2d 914
 
 .
 

 In
 
 Gray v. Higgins,
 

 205 Ga.App. 52
 
 ,
 
 421 S.E.2d 341
 
 (1992), the Court of Appeals did consider a direct appeal in a case in which the ex-wife brought suit for damages against her former husband's administratrix, alleging a breach of a provision in a final decree regarding the maintenance of insurance. However, the issue of jurisdiction was not addressed in
 
 Gray,
 
 so that case does not directly conflict with today's holding that such an appeal can only be brought pursuant to OCGA § 5-6-35. In any event, to the extent that
 
 Gray, Crotty
 
 or any other decision could be construed as authorizing a direct appeal in such circumstances, they are expressly disapproved.
 

 3. As previously discussed, this appeal is a "domestic relations" case because the underlying
 
 *682
 
 subject matter is a final judgment of divorce. As in
 
 Crotty
 
 and
 
 Gray,
 
 however, it is not within this Court's jurisdiction, since Appellants sought to recover damages for Dr. Mays' alleged failure to comply with a provision of a final judgment of divorce, and not a recovery of alimony or child support pursuant to the terms of that decree. Therefore, the order appealed from is subject to the discretionary appeal requirements and that the Court of Appeals correctly dismissed Appellants' direct appeal. See
 
 Northwest Social and Civic Club v. Franklin,
 

 276 Ga. 859
 
 ,
 
 583 S.E.2d 858
 
 (2003). Moreover, we find no error in the denial of Appellants' application on the merits.
 

 Judgments affirmed.
 

 All the Justices concur.