**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 8, 2013**

# In the Court of Appeals of Georgia

A12A2404. TOENNIGES et al. v. STEED.

BARNES, Presiding Judge.

Acting pro se, Donald Wayne Toenniges sued Donna Steed for fraud and misrepresentation related to a promissory note and a deed to secure debt. The trial court granted summary judgment to Steed, and Toenniges filed a direct appeal with this court. Because the record shows that Toenniges was a prisoner when he filed this civil action, however, he has no right to a direct appeal, and therefore this court has no jurisdiction to hear it.

"The disposition of this appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq." *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). "In appeals of civil cases filed by prisoners, there is no right of direct appeal. Instead, the party wishing to appeal must file an application directed

to the appropriate appellate court. Failure to file an application when one is necessary requires that the appeal be dismissed." *Prison Health Svcs. v. Dept. of Administrative Svcs.*, 265 Ga. 810 (1) (462 SE2d 601) (1995); OCGA § 42-12-8.[1]

While the original complaint also names Grady Randall Tilson and Ida Mae Tilson as plaintiffs, who presumably are not incarcerated, only Toenniges signed the complaint. He later submitted an affidavit from the Tilsons purporting to grant "limited power of attorney to Donald W. Toenniges to represent our interests in this case and further authorize him to sign for us all pleadings ... and related papers with the full force and effect as though we signed it ourselves. And that when Toenniges signs for us, he can simply put et al., to designate us." Subsequent pleadings are signed "Donald Toenniges, et al., pro se."

In arguing that the hearing on Steed's motion for summary judgment was conducted ex parte, Toenniges notes that he "has completely represented the Tilsons as well, their affidavits granting him leave as such appear in the record below," and that they had no legal experience that would have allowed them to navigate a summary judgment hearing "or even know how to prepare in the event that Toenniges

---

[1]"Appeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35." OCGA § 42-12-8.

was not made present." Toenniges is not an attorney, however, and cannot "represent" other parties, which would constitute the unauthorized practice of law.

The Tilsons never having been made proper party plaintiffs, Toenniges' failure to comply with the requisite discretionary procedures deprives this Court of the jurisdiction to consider the case. This appeal must be dismissed. *Botts v. Givens*, 223 Ga. App. 139 (476 SE2d 816) (1996).

*Appeal dismissed. McFadden and McMillian, JJ., concur.*