**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2016**

# In the Court of Appeals of Georgia

A15A1677. ALSTON & BIRD LLP v. HATCHER MANAGEMENT     DO-081
     HOLDINGS, LLC.

DOYLE, Chief Judge.

Hatcher Management Holdings, LLC, ("the Company") filed suit against Alston & Bird LLP ("the Firm"), asserting legal malpractice and breach of fiduciary duty claims. The Firm filed a notice of nonparty fault pursuant to OCGA § 51-12-33, seeking to apportion damages among the Company and multiple nonparties. The trial court granted the Company's motion to strike the notice and certified the issue for immediate review. This Court granted the Firm's application for interlocutory appeal, and for the reasons that follow, we reverse the trial court's order striking the Firm's apportionment notice.

In 2000, Maury Hatcher employed the Firm and one of its trust and real estate partners, John Sawyer, to create the Company, which was established to hold the assets, including real estate, of the Hatcher family patriarch as an estate planning mechanism.[1] Maury was the manager of the Company, which was comprised of various Hatcher family members, including Maury and several of his siblings. According to the Company, Maury secretly liquidated and redeemed his interest in the Company, personally valuing his interest, which constituted a breach of his fiduciary duty, and he embezzled a large portion of the Company's assets. In January 2009, Maury resigned from the Company, but Sawyer and the Firm continued to act at his direction, despite their continued representation of the Company; the Firm did not disclose the conflict of interest to the Company, nor did it inform the Company of Maury's actions.

In December 2009, the Company sued Maury in Fulton County, and following a trial on damages, obtained a judgment against him in the amount of $4,046,937. In May 2012, the Company filed the instant case against the Firm, asserting claims of

---

[1] Portions of the factual recitations contained herein are taken from the Company's complaint, the parties' briefs, and the trial court's factual findings and legal conclusions contained in the order denying the Firm's motion for summary judgment. For purposes of the legal issues raised in this appeal only, we assume they are correct.

legal malpractice and breach of fiduciary duty; the Firm was the only named defendant. The Firm moved for summary judgment, and the trial court denied the motion.

Thereafter, the Firm filed a notice of nonparty fault pursuant to OCGA § 51-12-33, informing the Company that the Firm intended to ask the trier of fact to apportion fault for the Company's alleged damages among the Company and several non-parties, including Maury Hatcher, Jerry B. Hatcher, Alan B. Hatcher, and Caldwell & Watson, LLP. In the notice, the Firm alleged that Jerry and Barry Hatcher caused and contributed to the Company's damages by, inter alia: improperly claiming to be managers when they were not; failing to investigate Maury's actions after his questionable accounting; failing to provide financial statements when they were managers; delaying taking legal action against Maury to preserve Company assets; failing to take sufficient action to collect the judgment against Maury; and wasting Company money on legal fees, loans, and compensation for themselves without member approval. The Firm alleged that Caldwell & Watson, counsel for the Company, caused and contributed to the Company's damages by: failing to advise Company members of Jerry and Barry Hatcher's mismanagement and improper actions, including withholding financial information; delaying filing suit against

3

Maury; and failing to diligently pursue claims and the judgment against Maury. Finally, with regard to Maury, the Firm referred to the various documents in the record alleging his wrongdoing, including embezzlement of Company assets.

The Company moved to strike the Firm's notice of nonparty fault, arguing that (1) apportionment of damages was available only under subsection (b) of OCGA § 51-12-33, which the Company alleges applies only to cases brought against multiple defendants; and (2) that there was no evidence upon which to apportion damages. In a brief order, lacking explanation for its ruling, the trial court struck the Firm's apportionment notice. This appeal followed.

The Firm argues that the trial court erred by striking its notice of nonparty fault. In response, the Company contends that Georgia's apportionment statute, OCGA § 51-12-33 (b), clearly and unambiguously limits apportionment of damages to cases "[w]here an action is brought against more than one person. . . ." While this assertion is correct, apportioning fault, not damages, is the issue in this case.

In its entirety, OCGA § 51-12-33 provides:

(a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the

4

percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

(b) Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(c) In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

(d) (1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.

(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last

5

known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.

(e) Nothing in this Code section shall eliminate or diminish any defenses or immunities which currently exist, except as expressly stated in this Code section.

(f) (1) Assessments of percentages of fault of nonparties shall be used only in the determination of the percentage of fault of named parties.

(2) Where fault is assessed against nonparties pursuant to this Code section, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.

(g) Notwithstanding the provisions of this Code section or any other provisions of law which might be construed to the contrary, the plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed.

In *Zaldivar v. Pritchett*,[2] which was decided after the briefing in this case, the

Supreme Court

[held] that OCGA § 51-12-33 (c) requires the trier of fact in cases to which the statute applies to *'consider the fault of all persons or entities*

---

[2] 297 Ga. 589 (774 SE2d 688) (2015).

6

*who contributed to the alleged injury or damages,' meaning all persons or entities who have breached a legal duty in tort that is owed with respect to the plaintiff, the breach of which is a proximate cause of the injury sustained by the plaintiff.* That includes not only the plaintiff [itself] and defendants with liability to the plaintiff, but also every other tortfeasor whose commission of a tort as against the plaintiff was a proximate cause of [its] injury, regardless of whether such tortfeasor would have actual liability in tort to the plaintiff.[3]

Applying the rationale in *Zaldivar* to this case, we hold that

[t]o the extent that [the Firm] can prove that [the nonparties identified in the apportionment notice] breached a legal duty in tort that it owed [the Company], the breach of which is a proximate cause of the injury that [the Company] sustained, the trier of fact in this case may be permitted under OCGA § 51-12-33 (c) to assign 'fault' to [the nonparty].[4]

---

[3] (Emphasis supplied.) *Zaldivar*, 297 Ga. at 600 (1). The holding in *Zaldivar*, which was a single-defendant case, was not limited to cases involving more than one defendant.

[4] Id. at 604 (2). See also *Walker v. Tensor Machinery Ltd.*, ___ Ga. App. ___, ___ (779 SE2d 651) (2015) (holding that a trier of fact is not prohibited "from assigning fault to a nonparty employer that has immunity under the exclusive remedy provisions of the Workers' Compensation Act" in a negligent failure to warn case filed against a single defendant, which designed and manufactured the machine that allegedly injured the plaintiff); *Barnett v. Farmer*, 308 Ga. App. 358, 362 (2) (707 SE2d 570) (2011) (physical precedent only) (reversing the trial court's refusal to instruct the jury to apportion the award of damages to the plaintiff according to the percentage of fault of the single defendant and the plaintiff's husband, a nonparty).

Given the assertions in this case alleged by the Firm regarding the nonparties' actions, the trial court erred by striking the Firm's notice of nonparty fault.[5]

*Judgment reversed. Phipps, P. J., and Boggs, J., concur.*

---

[5] See *Zaldivar*, 297 Ga. at 604 (2); *Six Flags Over Ga II v. Martin*, ___ Ga. App. ___, ___ (3) (780 SE2d 796) (2015) ("it is a defendant's burden to establish a rational basis for apportioning fault to a nonparty; but whether the defendant meets that burden given the evidence at trial is an issue that should be left to the jury"); *Couch v. Red Roof Inns, Inc.*, 291 Ga. 359, 366 (1) (729 SE2d 378) (2012); *Double View Ventures, LLC v. Polite*, 326 Ga. App. 555, 562 (1) (757 SE2d 172) (2014) ("[T]he [d]efendants have a burden to establish a rational basis for apportioning fault to a nonparty. . . . Whether the [d]efendants would have met that burden given the trial evidence presented should have been left for the jury to determine. . . . Accordingly, the trial court erred by taking that issue away from the jury and completely omitting the [nonparty] from the verdict form.") (citations omitted).