**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 28, 2016**

# In the Court of Appeals of Georgia

A15A2077. I. A. GROUP, LTD. CO., et al. v. RMNANDCO, INC.

RAY, Judge.

Following a jury trial on the issue of unliquidated damages in this action involving, inter alia, breach of fiduciary duty and related business torts, plaintiff-appellee RMNANDCO, Inc., was awarded $2.5 million jointly and severally against defendants-appellants I. A. Group, Ltd., Co., Stephan Fitch, and two other defendants[1] (collectively "the four I. A. Group defendants"), $10 million in punitive damages against Fitch, plus post-judgment interest and costs. After the denial of their motions for new trial, I. A. Group and Fitch filed the instant appeal. They contend that the trial court erred in its jury instructions and jury verdict form because the jury

---

[1] The two other two defendants to the original litigation, CX5 Capital Corp. and Christopher T. Collins, are not party to the instant appeal.

should have been instructed on apportionment of damages rather than joint and several liability; in prohibiting them from challenging issues related to liability and damages; in admitting hearsay evidence of damages over objection; and in failing to rule on their motion for arbitration. For the reasons that follow, we reverse and remand the case for a new trial.

RMNANDCO sued the four I. A. Group defendants in 2010, claiming, inter alia, breach of fiduciary duty and fraud, later amending its complaint to allege violations of the Georgia Uniform Securities Act and the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO). In brief, RMNANDCO alleged that it was a one-third owner in I. A. Group, along with Fitch and CX5, and that the four I. A. Group defendants had usurped business opportunities and failed to make distributions to which RMNANDCO was entitled.

In ruling on a motion for sanctions based on allegations of discovery abuses, the trial court struck the four I. A. Group defendants' answers, counterclaims, and also third-party complaints, and it entered a default judgment as to liability on all counts, leaving for trial the matter of unliquidated damages. At trial, a jury awarded $2.5 million in compensatory damages jointly and severally against the four I. A. Group defendants, as well as attorney fees. Finding specific intent to harm, the jury

also awarded punitive damages of $10 million against Fitch.[2] After trial, the four I. A. Group defendants retained new, separate counsel and filed separate motions for new trial, which were denied. .

1. I. A. Group and Fitch first contend that the damages, which were awarded jointly and severally against all the defendants, cannot stand because the trial court was required to apportion damages pursuant to OCGA § 51-12-33. See generally *Alston & Bird LLP v. Hatcher Mgt. Holdings, LLC*, __ Ga. App. __ (Case No. A15A1677, decided March 1, 2016) (applying OCGA § 51-12-33 in a business-related tort action). The I. A. Group and Fitch cast this as a challenge to the trial court's jury charge and its use of the verdict form, both of which referenced joint and several liability. Finding error, we agree that damages should have been apportioned.

"When we review an allegedly erroneous jury charge, we apply a 'plain legal error' standard of review." (Citation and punctuation omitted.) *Eagle Jets, LLC v. Atlanta Jet, Inc.*, 321 Ga. App. 386, 398 (6) (740 SE2d 439) (2013). See also *Cheddersingh v. State*, 290 Ga. 680, 683 (2) (724 SE2d 366) (2012) (recognizing preprinted jury verdict forms as part of jury instructions).

---

[2] The jury also awarded punitive damages of $250,000 against Collins, who is not a party to the instant appeal.

OCGA § 51-12-33 (b) provides, in pertinent part:

Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, *shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable*, and shall not be subject to any right of contribution.

(Emphasis supplied.)

In the instant case, the parties filed a joint, proposed pretrial order and appended a verdict form stating that the four I. A. Group defendants would be jointly and severally liable for RMNANDCO's damages in tort. Just days later, the four I. A. Group defendants filed a motion to amend the pretrial order, asking that the verdict form provide for apportionment of damages, which RMNANDCO followed with a motion in limine seeking to exclude evidence, argument, and testimony related to apportionment. The trial court, however, signed the original, unamended pretrial order on the same day the motion in limine was filed, thus rejecting the four I. A. Group defendants' motion to amend. At trial, the trial court charged the jury, over objection, that any damages were to be awarded in a lump sum against the defendants.

4

Given the four I. A. Group defendants' vigorous objections and prompt attempt to amend the pretrial order, we cannot agree with RMNANDCO's contention that I. A. Group and Fitch induced this error. See OCGA § 5-5-24 (a), (b). See also *Bolden v. Ruppenthal*, 286 Ga. App. 800, 803 (2) (650 SE2d 331) (2007) (permitting amendments to pretrial orders within the trial court's discretion). See generally *Swanson v. State Farm Mut. Auto Ins. Co.*, 242 Ga. App. 616, 617 (1), n. 6 (530 SE2d 516) (2000) (prior to signing, a pretrial order has no effect and does not limit the parties to the issues specified therein).

Further, contrary to RMNANDCO's contention, the plain language of OCGA § 55-12-33 (b) and (c)'s apportionment mandate does not omit from its purview either damages or the assessment of percentages of fault springing from a default judgment.[3] At trial, the lower court declined to apportion damages, reasoning that OCGA § 51-12-33 (b) would not apply unless RMNANDCO, as plaintiff, could be assigned some

---

[3] The plain language of the statute provides that in relevant actions, a court "*shall . . . apportion* its award of damages among the persons who are liable according to the percentage of fault of each person[,]" OCGA § 51-12-33 (b) (emphasis supplied), and that "[i]n assessing percentages of fault, the trier of fact *shall consider the fault* of all persons or entities who contributed to the alleged injury or damages." OCGA § 51-12-33 (c) (emphasis supplied). To stray from that plain language could conceivably bar apportionment in any case where liability is determined not just by default judgment, but also, for example, by summary judgment or a directed verdict.

liability under OCGA § 51-12-33 (a) and that the default precluded the assignment of such responsibility. This was error; in *McReynolds v. Krebs*, 290 Ga. 850, 852 (1) (a) (725 SE2d 584) (2012), our Supreme Court clearly determined that the statute's plain language in no way limited its application to cases involving a plaintiff's fault.

Similarly, while it is of course true that no trier of fact determined the defendants' respective fault in the entry of the default judgment as to liability, the statute's plain language and our case law "directs the trier of fact in certain cases to 'consider the fault of all persons or entities who contributed to the alleged injury or damages[.]'" *Walker v. Tensor Machinery, Ltd.*, __ Ga. App. __ (779 SE2d 651, 652, 654) (2015), citing OCGA § 51-12-33 (c) (finding that it is not legally inconsistent to allocate fault while shielding immune parties from liability for that fault). The statute further provides that the trier of fact "assess[] percentages of fault," OCGA § 51-12-33 (c), and "apportion its award of damages among the persons who are liable according to the percentage of fault of each person." OCGA § 51-12-33 (b). While it is correct that a "default concludes the defendant's liability and estops him from offering any defenses which would defeat the right of recovery," and that any argument that "goes to liability for the damages and not the amount of damages awarded[] is not permitted[,]" *Broadcast Concepts, Inc. v. Optimus Financial Svcs.,*

6

*LLC,* 274 Ga. App. 632, 635 (2) (618 SE2d 612) (2005) (citation omitted), assessment of fault for purposes of apportioning damages between the defendants in the instant context does not violate that rule.

Because apportionment is mandated, the trial court erred in instructing the jury on joint and several liability, and I. A. Group and Fitch are entitled to a new trial.[4]

2. I. A. Group and Fitch also argue that the trial court erred in failing to rule on their motion to arbitrate, which was based on a clause in an unsigned operating agreement.[5]

In the pretrial order signed by trial counsel for all parties to this appeal, I. A. Group and Fitch conceded that there were no pending motions or other matters for the trial court to consider; thus, they acquiesced to the alleged error of which they now

---

[4] As noted above, there were two other defendants in this suit, Collins and CX5 Capital Corp. These defendants, while not party to this appeal, were nonetheless parties deemed liable by the trial court's sanctions and entry of default. Therefore, in considering the assessment of fault and resulting apportionment of damages, the trier of fact must also "consider the fault of *all persons or entities* who contributed to the alleged injury or damages" (emphasis supplied), OCGA § 51-12-33 (c), in determining the percentages of fault of I. A. Group and Fitch. See generally OCGA § 51-12-33 (d) (1), (e), and (f) (1), (2); *Zaldivar v. Prickett*, 297 Ga. 589, 597 (1) (774 SE2d 688) (2015).

[5] See *SCSJ Enterprises, Inc. v. Hansen & Hansen Enterprises, Inc.*, 319 Ga. App. 210, 213 (2) (a) (734 SE2d 214) (2012) (physical precedent only) (In general, only signatories to an arbitration agreement may be compelled to arbitrate).

complain. See *Moody v. Dykes*, 269 Ga. 217, 219-220 (3) (496 SE2d 907) (1998). We find no reversible error.

3. Given our determination to reverse and remand the case for a new trial, we do not address the appellants' other contentions of error.[6]

*Judgment reversed and case remanded. Barnes, P. J., and McMillian, J., concur.*

---

[6] In particular, RMNANDCO contends that damages may not be apportioned under RICO, and I. A. Group and Fitch contend that RMNANDCO's complaint is not well-pleaded because this should have been brought as a derivative action rather than direct. As these matters are not central to our decision, we do not address them on appeal and leave them for the trial court to address in the first instance should they be raised during the new trial proceedings.