# Court of Appeals
# of the State of Georgia

ATLANTA,   September 12, 2016

*The Court of Appeals hereby passes the following order:*

**A17E0004.  Kell v. JPMorgan Chase Bank, N.A.**

Michael Jon Kell has filed an emergency motion under COA Rule 40 (b) entitled "Motion for Immediate Injunctive Relief," wherein Kell asks this Court to enjoin further proceedings in Civil Action File No. 12-1-1632-34 in the Superior Court of Cobb County, and specifically seeking to bar the hearing scheduled in the trial court for September 20, 2016, which is evidenced by a copy of a scheduling order dated August 24, 2016.

This Court may grant emergency relief under circumstances identified in COA Rule 40 (b), but any such motion must:

1. Contain an explanation why an order of this Court is necessary and why the action requested is time sensitive; 2. Contain a stamped "filed" copy of the order being appealed; 3. Contain a stamped "filed" copy of the notice of appeal, if such has been filed in the trial court; 4. Show that service has been perfected upon the opposing party before filing the motion with the Court; and 5. Be accompanied by the filing fee or evidence that one or more of the fee waiver provisions of Rule 5 apply, unless the motion is filed in a pending case already docketed with the Court. The filing fee shall be in the amount set out in Rule 5.

Here, Kell has failed to include a stamped "filed" copy of the order being appealed and the notice of appeal referenced in the trial court's August 24, 2016 scheduling order. For these reasons Kell's emergency motion is hereby denied.

Second, in addition to himself, Kell purports to file the emergency motion on behalf of The First Meliorite Church, "an unincorporated church association," as well as First Meliorite Church Charitable Limited Partnership. But only a person who is a duly licensed attorney may enter an appearance and file pleadings on behalf of another party to litigation. *Eckles v. Atlanta Tech. Grp.*, 267 Ga. 801, 804 (485 SE2d 22) (1997) ("only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record"; "our holding is applicable to corporate representation only and . . . all non-corporate business owners are completely unaffected"); *Toenniges v. Steed*, 321 Ga. App. 219 (739 SE2d 94) (2013) (a person who is not an attorney cannot "represent" other parties in litigation); OCGA § 15-19-51 ("It shall be unlawful for any person other than a duly licensed attorney at law. . . [t]o practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body"). Because Kell is not authorized to represent a separate party, the emergency motion is denied with regard to all parties other than Kell for this separate reason.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____09/12/2016_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

2