# Court of Appeals
# of the State of Georgia

ATLANTA,  December 21, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0933.  ERIC JAMES EDEE v. STEPHANIE JILL EDEE.**

Eric James Edee and Stephanie Jill Edee were divorced in 2016.  The divorce decree incorporated an arbitration agreement that provided, in pertinent part, that Dr. Danielle Levy would continue to serve as the therapist for the parties' children.  In 2017, Eric Edee filed an application to hold Stephanie Edee in contempt of the divorce decree, alleging that she had forced Dr. Levy to withdraw as the children's therapist.  The trial court denied the application, and Eric Edee filed this direct appeal.  We, however, lack jurisdiction.

Where, as here, the underlying action involves rights and obligations arising out of a divorce decree, the case is a domestic relations matter within the meaning of OCGA § 5-6-35 (a) (2).  See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005).  Appeals in such matters must be initiated by filing an application for discretionary review.  See OCGA § 5-6-35 (a) (2).  In his notice of appeal, Eric Edee claims a right of direct appeal under OCGA § 5-6-34 (a) (11)[1] "since this is a final order declining to hold a person in contempt of a child custody judgment or order."  But the issue raised in Eric Edee's contempt application – and therefore the issue in this appeal – is not child custody; it is the designation of the children's therapist.  Accordingly, this case does not fall within OCGA § 5-6-34 (a) (11).  See

---

[1] OCGA § 5-6-34 (a) (11) permits direct appeals from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment[s] or orders[.]"

*Voyles v. Voyles*, 301 Ga. 44, 45-47 (1) (appeal in domestic relations cases in which child custody is not at issue must be brought by discretionary application).

"[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Eric Edee's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/21/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*