# Court of Appeals
# of the State of Georgia

ATLANTA, January 25, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1035. ROBERT BERRY v. LAURA BERRY.**

Robert Berry and Laura Berry were divorced pursuant to the terms of a final decree and judgment entered on June 2, 2017. Robert Berry subsequently moved the trial court to set aside the divorce decree and for a new trial. In August 2017, Laura Berry filed a motion for an order holding Robert Berry in contempt for his failure to pay alimony and marital debts pursuant to the terms of the parties' divorce decree. Following a hearing, the trial court denied Robert Berry's motion to set aside the divorce decree and granted Laura Berry's contempt motion. Robert Berry then filed this direct appeal. We, however, lack jurisdiction.

Where, as here, the underlying action involves rights and obligations arising out of a divorce decree, and does not involve child custody, the case is a domestic relations matter within the meaning of OCGA § 5-6-35 (a) (2). See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). Appeals in such matters must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2); accord *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (an appeal in a domestic relations case in which custody is not at issue must be brought by discretionary application). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991).

Robert Berry's failure to follow the discretionary review procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __01/25/2018__
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*