# Court of Appeals
# of the State of Georgia

ATLANTA,  April 16, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1638. DEBORAH L. BEACHAM v. CHARLES W. BEACHAM.

The parties were divorced in 2008. In April 2016, Deborah L. Beacham ("Wife") filed a complaint seeking modification of custody of their two minor children and modification of child support, and asserting claims against Charles W. Beacham ("Husband") for contempt of the settlement agreement that was incorporated into the final judgment and decree of divorce. Wife later amended her complaint to seek only modification of child support and contempt against Husband. Husband filed a counterclaim for contempt for Wife's violation of a 2011 consent order. The trial court ruled on these claims and others filed by the parties in a consolidated order. The court denied Wife's request for modification of child support and her claims for contempt, and granted Husband's motion for contempt, awarding him $5,000 in attorney fees.

Wife moved for a new trial, and following the trial court's denial of that motion, she filed this timely direct appeal. Husband has moved to dismiss the appeal for Wife's failure to file an application for discretionary appeal. Husband is correct that we lack jurisdiction to review this direct appeal.

Where, as here, the underlying action involves rights and obligations arising out of a divorce decree and does not involve child custody, the case is a domestic relations matter within the meaning of OCGA § 5-6-35 (a) (2). See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). Appeals in such matters, including orders holding or declining to hold persons in contempt, must be pursued by discretionary application. See OCGA § 5-6-35 (a) (2), (b); accord *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (an appeal in a domestic relations case in

which custody is not at issue must be brought by discretionary application). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Wife's failure to follow the proper procedure deprives us of jurisdiction over this appeal.[1] Therefore, Husband's motion to dismiss is GRANTED and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   04/16/2019   *
  *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
  *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*

---

[1] Wife's motion for new trial also sought to set aside the judgment pursuant to OCGA § 9-11-60. However, "the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8).