# Court of Appeals
# of the State of Georgia

ATLANTA,  April 05, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1178. JASON WERKMAN v. DEBBIE POWELL.

Debbie Powell and Jason Werkman were divorced in Texas, and Werkman was awarded primary custody of their three minor children. In August 2017, Powell filed an action in Georgia to domesticate the Texas orders and sought a modification of custody and support. In 2019, the trial court awarded Powell custody and recalculated child support. In its "Order on Attorney's Fees," entered in 2021, the court ordered Jason Werkman to pay attorney fees incurred by Powell in connection with the modification action in the amount of $26,261.50, which included $836.06 pursuant to OCGA § 9-15-14 (b), $13,115.72 pursuant to OCGA § 19-6-15 (k) (5), and $12,309.72 pursuant to OCGA § 19-9-3 (g). Werkman filed a notice of appeal from the trial court's order. However, we lack jurisdiction.

Where, as here, the underlying action involves rights and obligations arising out of a divorce decree and does not involve child custody, the case is a domestic relations matter within the meaning of OCGA § 5-6-35 (a) (2). See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). Appeals in such matters must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b); accord *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (an appeal in a domestic relations case in which custody is not at issue must be brought by discretionary application). Additionally, an order awarding OCGA § 9-15-14 attorney fees also requires an application for discretionary appeal. See OCGA § 5-6-35 (a) (10). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991).

Werkman's failure to comply with discretionary appeal procedures deprives

this Court of jurisdiction over the appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 04/05/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ *, Clerk.*