# Court of Appeals
# of the State of Georgia

ATLANTA,  July 22, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1720. JEREMY K. DAY v. KRISTINA MARIE DAY MCCARTHNEY.

The parties divorced in 2005. Jeremy K. Day filed a petition for modification of child custody and child support. Kristina Marie Day McCarthney counterclaimed for contempt. The trial court subsequently entered an order finding Jeremy in contempt for failing to pay child support and other costs for the parties' child. Jeremy filed a motion for new trial, which was denied. Jeremy then filed both a notice of appeal and an application for discretionary review. We denied Jeremy's discretionary application on the merits, see Case No. A22D0411 (June 21, 2022), and the direct appeal has been docketed as the instant case. We, however, lack jurisdiction over the direct appeal.

Where, as here, the underlying action involves rights and obligations arising out of a divorce decree and does not involve child custody, the case is a domestic relations matter within the meaning of OCGA § 5-6-35 (a) (2). See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). Appeals in such matters must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2) (a discretionary application is required to appeal "judgments or orders in divorce, alimony, and other domestic relations cases including . . . granting or refusing a divorce or temporary or permanent alimony or holding or declining to hold persons in contempt of such alimony judgment or orders"); accord *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (an appeal in a domestic relations case in which custody is not at issue must be brought by discretionary application). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991) (on motion for reconsideration).

Further, our denial of Jeremy's application for discretionary appeal was an adjudication on the merits, and therefore the doctrine of res judicata bars this direct appeal from the same trial court order. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__07/22/2022_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*