**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 13, 2023**

# In the Court of Appeals of Georgia

A23A0630. EVANS v. JACKSON.

HODGES, Judge.

When Anson Evans accepted a position with the DeKalb County Sheriff's Office in 2020, he filed a motion to suspend certain payments he owed Filisia Jackson pursuant to their 2002 final divorce decree.[1] The Superior Court of Henry County sided with Jackson, and Evans filed a notice of appeal seeking to directly appeal the trial court's order granting Jackson's summary judgment motion ("First Notice of Appeal"). Months later, Jackson moved to dismiss Evans' appeal due to his failure

---

[1] Evans titled the motion as an "Emergency Motion to Suspend Petitioner's Pension Payments to Respondent[.]" However, in response to Jackson's motion for summary judgment, Evans claimed that he was not seeking to modify the terms of the final divorce decree, but was requesting clarification of an ambiguous provision in the settlement agreement that was incorporated into the final judgment and decree of divorce.

to file an application for discretionary appeal. See OCGA § 5-6-35 (a) (2). The trial court dismissed Evans' notice of appeal, and Evans now appeals that order ("Second Notice of Appeal"). Because we conclude that the trial court was without authority to dismiss Evans' First Notice of Appeal, we vacate the trial court's order granting Jackson's motion to dismiss. Upon the ensuing review of Evans' remaining claims, we conclude that Evans failed to follow the discretionary appeal procedures included in the Appellate Practice Act, and we therefore dismiss Evans' appeal.

The record demonstrates that Evans and Jackson were divorced in 2002. As part of a memorandum of agreement incorporated into the parties' final divorce decree, Evans agreed to pay Jackson "one-half . . . of all retirement/pension benefits . . . provided through his employment with DeKalb County as of September 18, 2002." After Evans' later failure to pay the pension benefits as agreed, the trial court entered a July 2019 order awarding Jackson $41,883.80 in arrears to be paid in monthly installments of $500 as well as $936 per month until "the death of one or both parties."

In October 2020, Evans accepted a position with the DeKalb County Sheriff's Office. As a result, DeKalb County suspended Evans' pension benefits, and Evans filed a motion to suspend the regular $936 monthly payments to Jackson. Jackson

answered, filed a counterclaim for contempt, and moved for summary judgment, arguing that a judgment "determining the equitable property interests of the parties is final and not subject to abatement," that Evans' motion is barred by unclean hands, and that the relief Evans sought is barred by res judicata and collateral estoppel.

Following a hearing, the trial court granted Jackson's motion in a May 25, 2021 order, essentially concluding that Evans' $936 monthly payments remained in force. Evans then filed a notice of appeal on June 24, 2021 in an attempt to challenge the trial court's order. On April 26, 2022, Jackson moved to dismiss Evans' notice of appeal, asserting that Evans failed to file an application for discretionary appeal. The trial court granted Jackson's motion, and this appeal follows.

1. Considering Evans' fourth enumeration first,[2] he contends that the trial court erred in dismissing his First Notice of Appeal, which challenged its May 25, 2021 order denying his motion to suspend his $936 monthly payment. "[B]ecause Georgia law vests appellate courts with the sole authority to determine if a decision or

---

[2] See *Anita Holdings, LLC v. Outlet Mall of Savannah, LLC*, 357 Ga. App. 403, 405 (1), n. 5 (850 SE2d 843) (2020) ("For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them[.]") (citation and punctuation omitted).

judgment is appealable[,]" we agree. *Jones v. Peach Trader, Inc.*, 302 Ga. 504 (807 SE2d 840) (2017).

(a) Georgia's trial courts enjoy only limited authority to dismiss notices of appeal:

> [t]rial courts are authorized to dismiss an appeal only when there has been an unreasonable delay in the filing of the transcript or where there has been an unreasonable delay in the transmission of the record to the appellate court caused by the failure of a party to pay costs or file an indigency affidavit. Other dismissals are reserved to the appellate courts.

(Citation and punctuation omitted.) *Jones*, 302 Ga. at 508-509 (II); see also OCGA § 5-6-48 (c). To that end, our Supreme Court has noted that "[a]n appellate court is the sole authority in determining whether a filed notice of appeal or discretionary application is sufficient to invoke its jurisdiction." (Citation and punctuation omitted.) *Jones*, 302 Ga. at 506 (II).

In this case, the trial court dismissed Evans' First Notice of Appeal because it determined that the proper appellate procedure required an application for discretionary appeal. Regardless of the accuracy of the trial court's observation, it was without authority to dismiss Evans' appeal on that basis. See OCGA § 5-6-48 (c); *Jones*, 302 Ga. at 506 (II). Therefore, we vacate the trial court's orders dismissing

4

Evans' First Notice of Appeal.[3] The effect of our ruling is that Evans' appeal of the trial court's May 25, 2021 order is now before us for consideration. See *Jones*, 302 Ga. at 511 (II).

(b) As is always true, "it is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction." (Citation and punctuation omitted.) *Clay v. Douglasville-Douglas County Water & Sewer Auth.*, 357 Ga. App. 434, 436 (1) (848 SE2d 733) (2020); see also *Duffy v. Sanders*, 354 Ga. App. 684 (841 SE2d 415) (2020). "Where it is apparent that jurisdiction to decide the case does not exist, the appeal must be dismissed." (Citation and punctuation omitted.) *Perlman v. Perlman*, 318 Ga. App. 731, 737 (4) (734 SE2d 560) (2012). Our next inquiry, then, is whether the trial court's May 25, 2021 order was directly appealable under OCGA § 5-6-34 or required an application for discretionary appeal pursuant to OCGA § 5-6-35. For the following reasons, we conclude that an application for discretionary appeal was necessary to pursue an appeal from that order. Because Evans failed to file such an application, we dismiss his appeal.

---

[3] The trial court initially dismissed Evans' First Notice of Appeal in an August 22, 2022 order and amended that order on September 12, 2022.

OCGA § 5-6-35 (b) provides that appeals in certain classes of cases "shall be by application in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction. The application shall specify the order or judgment being appealed. . . ." Included among those classes are "[a]ppeals from judgments or orders in divorce, alimony, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony or holding or declining to hold persons in contempt of such alimony judgment or orders[.]" OCGA § 5-6-35 (a) (2). Therefore, "OCGA § 5-6-35 (a) (2) provides, *without exception*, that appeals in ['divorce' and] 'domestic relations cases' must be brought by application for discretionary appeal." (Emphasis supplied.) *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). To that end,

> [t]he obligations and rights created by an incorporated settlement agreement can be affected only by means of an action addressing the underlying divorce decree itself. Accordingly, where . . . the underlying subject matter of a lawsuit relates to such rights and obligations, and the parties are the ex-spouses, . . . the case involves domestic relations and compliance with OCGA § 5-6-35 is the exclusive means by which to appeal the final order in the action.

6

(Citations and punctuation omitted.) Id. "Failure to file an application when one is necessary requires that the appeal be dismissed." (Citation and punctuation omitted.) *Toenniges v. Steed*, 321 Ga. App. 219 (739 SE2d 94) (2013).

In this case,

> [a]lthough [Evans] denominated [his] claim as a breach of contract action, the settlement agreement was incorporated into the final divorce decree. The rights of the parties after a divorce is granted are based not on the settlement agreement, but on the judgment itself. Thus, whatever claim [Evans has] is founded on the final [divorce] decree, and not on the underlying agreement.

(Citation and punctuation omitted.) *Walker*, 279 Ga. at 653 (1).[4] It follows that Evans was required to file an application for discretionary appeal to challenge the trial court's order arising from the parties' final divorce decree. See OCGA § 5-6-35 (a)

---

[4] Evans' argument that this case presents a "hybrid," in which a direct appeal may lie, hinges on the false premise that the parties' Memorandum of Agreement was not incorporated into the final divorce decree. See *Guthrie v. Guthrie*, 277 Ga. 700 (594 SE2d 356) (2004); *Eickhoff v. Eickhoff*, 263 Ga. 498, 499-500 (1) (435 SE2d 914) (1993), overruled on other grounds by *Lee v. Green Land Co.*, 272 Ga. 107 (527 SE2d 204) (2000). However, unlike these cases upon which Evans chiefly relies, the parties' final divorce decree in this case provided that "the terms and conditions of [the parties'] amicable resolution [have] been memorialized in writing in the form of a Memorandum of Agreement (attached hereto and made a part hereof)[.]" Accordingly, Evans' argument is unavailing.

(2), (b); *Walker*, 279 Ga. at 653 (1). This, he failed to do. Accordingly, Evans' appeal is dismissed for lack of jurisdiction due to his failure to follow the discretionary appeal procedures codified at OCGA § 5-6-35. See *Jones*, 302 Ga. at 516.

2. In view of our decision in Division 1, we do not consider Evans' remaining enumerations of error.[5]

*Judgment vacated and appeal dismissed. Miller, P. J., and Mercier, J., concur.*

---

[5] Evans appears to argue that, because the trial court's order dismissing the First Notice of Appeal is directly appealable, any arguments that could have been advanced under the First Notice of Appeal may now be swept up by the Second Notice of Appeal. While a domestic relations issue may be reviewed on direct appeal when it is appealed as part of a judgment that is directly appealable, see OCGA § 5-6-34 (d), no judgment in this case is directly appealable. Evans states that he is appealing an award of attorney fees, for which Jackson filed a motion pursuant to OCGA § 9-15-14, but it does not appear that the trial court has made an attorney fee award. In any event, an award of attorney fees under OCGA § 9-15-14 also requires an application for discretionary appeal, and Evans has not filed such an application. OCGA § 5-6-35 (a) (10). As a result, Evans' argument is unpersuasive. See *Jones*, 302 Ga. at 516 ("We therefore dismiss the . . . appeal for lack of appellate jurisdiction. Accordingly, we need not reach the . . . remaining enumerations of error, all of which relate to the merits of the underlying [cause of action].").