**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 21, 2024**

# In the Court of Appeals of Georgia

A24A0001. MERITAGE HOMES OF GEORGIA, INC. v. JONES
et al.

BARNES, Presiding Judge.

The appellant has filed in this appeal a motion seeking remand of the case,

representing that the parties have reached an agreement whereby their disputes will

be resolved.[1] According to the motion, the appellees agree to such disposition.

1. Given the pending consent motion, the judgment of the trial court is reversed,

and the case is remanded to the trial court for the parties to effectuate their agreement.

See *Petty v. Petty*, 227 Ga. 521, 521-522 (1) (181 SE2d 859) (1971) (reversing the trial

court's judgment and remanding for the parties' "agreement [to] be filed in order to

permit the agreed disposition of the case"); *Clouthier v. Med. Center of Central Ga.*,

---

[1] This appeal concerns four lower court cases.

359 Ga. App. 669, 670 (859 SE2d 827) (2021) (reversing the trial court judgment and remanding the case "for the parties to effectuate their agreement"); *Dougherty County School System v. Grossman*, 113 Ga. App. 825, 825 (149 SE2d 920) (1966) (reversing judgments "for the purpose of effecting a settlement of the cases and ending the litigation," where both appellant and appellee requested such appellate outcome); *Lee v. Barron*, 108 Ga. App. 473, 473 (133 SE2d 256) (1963) (reversing, "for the purpose of facilitating the settlement of the cases," the trial court's judgment in accordance with the parties' request and without the appellate court's consideration of the merits of the appeal; explaining that it "appear[ed] to be advisable for jurisdiction to be revested in the trial court in order that judgments or other procedures may be entered to consummate the settlement reached between the parties"); *Barnett v. Moss*, 98 Ga. App. 581, 581 (106 SE2d 60) (1958) (reversing for the parties "to carry out [their] compromise agreement"); see also *Charter HR v. Perry*, 320 Ga. App. 315, 315 (739 SE2d 770) (2013) (reversing superior court's judgment and remanding the case, where the parties filed a consent motion to allow them to seek the State Board of Workers' Compensation's approval of a settlement agreement).

2. We note that the consent motion additionally requests this Court to direct the trial court to enter on remand a specified "Consent Judgment." The proffered "Consent Judgment" contains various findings of fact and particular conclusions of law.[2]

As explained above, under the instant procedural posture, an appellate court may reverse the trial court's judgment "for the purpose of facilitating the settlement of the case[],"[3] but such relief is "*without* consideration by [the appellate] court of the merits of the appeal[ ]." *Lee*, 108 Ga. App. at 473. See *Barnett*, 98 Ga. App. at 581 ("In view of the consent settlement filed with this court by consent of counsel for all parties, this court has authority, *without looking into the record*, to reverse the judgment to carry out said compromise agreement[.]") (emphasis supplied); see also *Charter HR*, 320 Ga. App. at 315 ("[T]his Court, *without looking into the record*, will reverse the

---

[2] For instance, the proffered "Consent Judgment" includes language that the "Petitioners have been made whole" and thus "lack standing" because any injury "has been ameliorated"; and that certain legal documents at issue – identified as an "Annexation and Rezoning Decision," a "Site Plan Approval," and an "LDP Approval" – are "valid and enforceable, both procedurally and on their merits."

[3] See generally *Franklyn Gesner Fine Paintings v. Ketcham*, 259 Ga. 3, 4 (6) (a) (375 SE2d 848) (1989) ("The legal effect of the reversal of a judgment on appeal is to nullify the judgment below and place the parties in the same position in which they were before judgment.") (citation and punctuation omitted).

judgment of the court below so as to carry out the [parties'] compromise.") (emphasis supplied). Accordingly, we decline the request for this Court to direct the trial court to enter on remand the specified "Consent Judgment."

Notwithstanding, here, as has been done in similarly situated cases, "jurisdiction [is] revested in the trial court in order that judgments or other procedures may be entered to consummate the settlement[s] reached between the parties." *Lee*, 108 Ga. App. at 473. Beyond that, however, we express no view on the merits of any issue raised in the underlying cases, and we intimate no opinion as to any future factual findings or legal conclusions that may be included in any orders entered by the trial court on remand. See *Lee*, 108 Ga. App. at 473; *Barnett*, 98 Ga. App. at 581.[4]

*Judgment reversed and case remanded. Gobeil and Pipkin, JJ., concur.*

---

[4] See generally *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005) ("[L]itigants cannot under any circumstances dictate the procedural . . . rules of this Court.") (citations and punctuation omitted).

See also generally *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) ("[O]ur appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court[.]") (footnote omitted); *I. A. Group, Ltd. Co. v. RMNANDCO, Inc.*, 336 Ga. App. 461, 464 (3), n. 6 (784 SE2d 823) (2016) (declining to consider substantive issues raised on appeal, and thus "leav[ing] them for the trial court to address in the first instance should they be raised [on remand]").